CITY OF SOUTH OMAHA V. OMAHA BRIDGE & TERMINAL
RAILWAY COMPANY.

FILED MAY 17, 1906. No. 14,064.

Eminent Domain. Under the provisions of the charter of South
Omaha in force in 1901, that city was entitled to at least nominal
damages in an action by a railway corporation to condemn a
right of way over portions of its streets and alleys.

ERROR to the district court for Douglas county: WILLIS
G. SEARS, JUDGE. *Reversed.*

*W. C. Lambert,* for plaintiff in error.

*William Baird & Sons, contra.*

JACKSON, C.

The defendant, a railway corporation, being unable to
agree with the city council of the plaintiff as to terms
and conditions upon which it might construct its roadbed
across certain streets and through an alley in the city,
proceeded under the provisions of section 83, ch. 16, Comp.
St. 1901, to condemn a right of way. This section
provides: "If it shall be necessary, in the location of any
part of any railroad, to occupy any road, street, alley, or
public way or ground of any kind, or any part thereof,
it shall be competent for the municipal or other corpora-
tion, or public officer or public authorities, owning or
having charge thereof, and the railroad company, to agree
upon the manner, and upon the terms, and conditions
upon which the same may be used or occupied; and if
said parties shall be unable to agree thereon and it shall
be necessary, in the judgment of the directors of such rail-
road company, to use or occupy such road, street, alley,
or other public way or ground, such company may appro-
priate so much of the same as may be necessary for the pur-
poses of such road, in the same manner and upon the same

terms as is provided for the appropriation of the property of individuals by the eighty-first section of this chapter." The real estate of private persons is acquired for right of way purposes by condemnation in this state in a proceeding before the judge of the county court, who appoints a jury to assess damages sustained by landowners. Upon the application of the defendant a jury was appointed, who viewed the premises and awarded damages to the plaintiff to the amount of $3. The city appealed to the district court, where issues were joined and the trial resulted in a directed verdict for the defendant. The city prosecutes error.

The plaintiff claims substantial damages, while the defendant insists that the judgment of the trial court should be affirmed, on the theory that the city could not sustain damages by reason of the location of its right of way across streets and alleys. The authorities are quite uniform that the appropriation of a street by a railway company for the purpose of laying its track is not a perversion from its original purpose, so long as it does not interfere with the use of the street or alley by the public as a highway. This rule, however, is not to be taken as authority for a railway corporation to appropriate streets and alleys for the purpose of laying its tracks. The right to authorize such appropriation is vested in the legislature, and legislative authority is necessary to warrant such use and occupation. *Atchison Street R. Co. v. Missouri P. R. Co.*, 31 Kan. 660, 6 Am. & Eng. Ency. Law (1st ed.), 534. The power to authorize such use may be delegated to municipal authority, and, as will be seen by the provisions of the statute quoted, has been expressly delegated in this state. The statute contemplates that a railroad seeking to occupy a street or alley for right of way purposes, should first apply to the proper municipal officers and if possible agree upon the terms and conditions upon which the streets may be occupied, and if they are unable to agree the company may proceed by condemnation, in the same manner and upon the same terms as is provided for the

appropriation of the property of individuals. The property of individuals may not be taken by a railway corporation without compensation for the impairment of property rights.

The contention of the defendant is necessarily based upon the conclusion that the plaintiff has no property right in its streets and alleys, and therefore is not entitled to compensation; that a municipality holds the title to streets and alleys in trust for the purpose for which they were dedicated, and such was the holding of this court in *Jaynes v. Omaha Street R. Co.*, 53 Neb. 631. Our holding in that case was in accord with the great weight of authority, but we do not regard it as conclusive of the question here involved, because, notwithstanding that rule, it is competent for the legislature to fix, by the charter of a city, the status of its streets and alleys. Section 104, art. I, ch. 14, Comp. St. 1905, provides the method of platting cities and villages. By section 106 of that chapter it is provided that the acknowledgment and recording of the plat is equivalent to a deed in fee simple of such portions of the premises platted as are in such plat set apart for streets and other public use. In *Lindsay v. City of Omaha*, 30 Neb. 512, it was held, under the provisions of the charter of that city, that upon the vacation of any street the title to the portion so vacated remained in the city, and might be sold and conveyed and the proceeds of the sale converted into the city treasury. One of the provisions of the charter of South Omaha, in force at the time the condemnation proceedings were instituted, was: "That no street or part thereof shall be ordered vacated by the mayor and council except upon the following conditions, to wit: First, that the value of the ground so vacated shall be first determined by the valuation of three disinterested freeholders, who shall be appointed by the mayor and confirmed by a majority vote of all the members elected to the council and they, after being duly sworn to perform the duties of their appointment with fidelity and impartiality, shall value the property so to be vacated by taking into consideration the

fair market value of the lot or lots abutting on that part of the street to be vacated. Second, the owner or owners of the lot or lots abutting such portion of the street to be vacated shall, before the order of vacation is passed, pay into the city treasury the amount so determined by said appraisers, as the value of said property, and thereupon the mayor of said city shall be authorized to make a deed to the purchaser for that portion of the street so vacated." That the legislature might vest this right in a municipality of the state is without question. The plaintiff's right, under its charter, to vacate its streets, and upon such vacation to receive payment for any portion of the street vacated, was a valuable right and was involved in the condemnation proceedings. We are convinced, therefore, in view of the provisions of the charter of the plaintiff, that it was entitled to at least nominal damages, and that the judgment of the district court, withdrawing from the jury all question of damages, was erroneous.

We recommend that the judgment of the district court be reversed and the cause remanded for further proceedings.

DUFFIE and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.