CITY OF SOUTH OMAHA, APPELLEE, V. OMAHA BRIDGE & TERMINAL RAILWAY COMPANY, APPELLANT.

FILED JANUARY 3, 1912.   No. 16,576.

1. Eminent Domain: CONDEMNATION OF STREETS: DAMAGES.   A common carrier in 1901 by condemnation proceedings acquired the right to construct and maintain turnouts and tracks for the storage of cars upon parts of an alley and two streets within the city of South Omaha.   *Held*, That the city, under the peculiar provisions of its charter and the facts in this case, should recover substantial damages.

2. ———: ———: ———: EVIDENCE.   In such a case, the issue having been tried to the court without the assistance of a jury, the judgment will be affirmed if there is sufficient competent evidence to sustain the recovery.

APPEAL from the district court for Douglas county: WILLIS G. SEARS, JUDGE.   *Affirmed.*

*W. S. Kenyon, Kelleher & O'Connor* and *William Baird & Sons,* for appellant.

*H. C. Murphy* and *S. L. Winters, contra.*

ROOT, J.

This is the second appeal in this case.   Our former opinion, published in 76 Neb. 718, is referred to for an understanding of the facts.   The second trial was to the court without the assistance of a jury.

The railway company contended that the city should recover no more than nominal damages, and was permitted to prove by the testimony of experts that the value of the use by the city of those parts of the alley and the streets in controversy was not impaired by the use for railway purposes.   The city, on the other hand, was permitted to prove that the land embraced within the parts of the alley and the streets condemned was worth from $2,100 to $2,500, but that subject to the use by the railway company was worth but $500.   The court found that the effect of

the condemnation is to vacate the territory for street and alley purposes, and that the market value of the land is $900, for which sum judgment was rendered. There are no other findings.

The appellant contends that, since section 83, ch. 16, Comp. St. 1901, authorizes municipal corporations to agree with a railroad company upon the terms and conditions upon which public streets, alleys and grounds may be occupied and used by the company, and that if they cannot agree those rights may be acquired by condemnation, the appellant could not and did not acquire title to the land, and the damages, in the nature of things, could be no more than nominal. In support of this argument our attention is directed to the evidence, which informs us that the railway company owns three blocks of land situated parallel to the right of way of the Belt Line railway, over which the appellant propels its engines and cars; that the parts of the alley and streets in controversy run at right angles to, and terminate at the east side of, this right of way, and that they have not been opened for public use, but at the time of the condemnation were included within an inclosure which also included the blocks purchased by the railway company.

Reference is made in our former opinion to the peculiar provisions of section 20, art. II, ch. 13, Comp. St. 1901, which apply to the city of South Omaha, whereby the owners of real estate abutting on the part of any street sought to be vacated must pay into the city treasury the appraised value of that part of the highway before an order of vacation can lawfully be rendered. This statute vests the city with a valuable interest in the streets and highways within its limits, although it may not bargain and sell that interest to any person the authorities may choose.

The railroad company did not in its petition apply solely for a right of way across the streets and the alley for a main line, or a main line and side-tracks, but stated that it needed the territory for, among other things, the storage of cars. This right, when acquired, would be so

inconsistent with the use for ordinary highway traffic, that the parts of the streets and the alley for all practical purposes were vacated. Should the city formally vacate the alley and the streets, it could only do so subject to the easement of the railway company, and the land thus burdened in perpetuity would be practically worthless to the owner of the fee. While the legal consequences attendant upon a vacation may not flow from the condemnation, the practical present results are the same, so far as the city is concerned, and it should recover substantial damages. There is no prejudicial error.

There is sufficient competent evidence to sustain the award of damages, and the judgment of the district court is therefore

AFFIRMED.