PETER FREDERICK, PLAINTIFF IN ERROR, v. JAMES F. KINZER, ADMR., DEFENDANT IN ERROR.

Instructions.  The instructions of a court to a jury should be confined to the issues presented by the pleadings in the case and the evidence before the jury.

ERROR to the district court of Richardson county.  Tried below before BROADY, J.

*E. W. Thomas,* for plaintiff in error.

*John Saxon,* for defendant in error.

COBB, CH. J.

On the trial in the court below, the court of its own motion instructed the jury as follows:

"In order to find that Peter Frederick is one of the makers of the note you must find either that he signed his name thereto or authorized some one to sign his name thereto, or since his name was signed thereto, ratified the act as his own."

The defendant prayed the court to give the following instruction:

"The jury are instructed that Kinzer cannot recover in this action unless it has been proved by the preponderance

of the evidence either that Peter Frederick did sign the note or that it was signed by some person in his presence, and by his direction, or with his consent." To which the court added the following: "Or that since his name was signed to the said note he has ratified and adopted the act of so signing his name as his own." And with said words added thereto gave the said instruction in charge to the jury and not otherwise.

To the giving of the said first instruction and to the adding of said words to said second instruction and refusing to give it without the said words attached thereto, the said defendant excepted and assigns the same as error.

The pleadings consist of a petition in the usual form on a note alleged to have been signed by one George Weissenstein and by the defendant as "P. Frederick," an answer by the defendant Frederick denying the execution of said note, that he ever authorized any person to sign or execute the same for him or in his name, and denying any indebtedness from him to the plaintiff. There was no reply.

There is a sharp conflict in the testimony as to whether the note was signed by the said Frederick as a security, or his name written on the same by his daughter, a girl some twelve or thirteen years of age, in his absence and without his knowledge, at the request of the said George Weissenstein, the principal in the note. But there was no testimony tending to prove a ratification or adoption of the note by Frederick. There was some testimony, of a very unsatisfactory character however, of admissions on the part of Frederick that he had become security for Weissenstein for the price of a cow, for which the said note was alleged to have been given, but no mention of a note was alleged to have been made in such admissions. None of these admissions were alleged to have been made to the holder of the note or ever even brought to his knowledge before the trial.

It is an elementary principle that instructions should be confined to the issues presented by the pleadings and the

evidence in the case.    Those under consideration, so far as they relate to the ratification or adoption of the signing of the note by Frederick, are quite inapplicable to either. As said in the opinion in the case of *Iron Mountain Bank of Missouri v. Murdock & Armstrong*, 62 Mo., 70, cited by counsel for plaintiff in error: These instructions "manifestly diverted the attention of the jury from that which was to that which was not in issue, thus defeating the very object which the law has in contemplation when requiring pleadings to be filed, and a court does not possess the power to change by instructions the issues which the pleadings present."

There were other exceptions presented, but as I have come to the conclusion that there must be a new trial for error in the instructions, they will not be considered.

The judgment of the district court is reversed, and the cause remanded for further proceedings in accordance with law.

REVERSED AND REMANDED.

THE other judges concur.