## LOUISE P. DAYTON v. CITY OF LINCOLN.

FILED JANUARY 16, 1894. No. 5501.

1. **Instructions Upon Issues Not Controverted.** It is prejudicially erroneous to submit to the jury issues arising from the pleadings in support of which there stands, uncontradicted, sufficient competent evidence, where the effect of submitting such issues may be to mislead the jury and withdraw its attention from the controverted issues.

2. **Damages by Change of Grade of Streets.** In awarding just compensation for property damaged for public use, general benefits to the public at large from the proposed improvements cannot be considered, while special benefits to the property damaged may be. *Schaller v. City of Omaha*, 23 Neb., 325, followed.

3. **An instruction in such a case,** whereby the jury is told that if the premises have not in fact suffered a diminution in their market value and were not damaged, the jury should find for the defendant, is erroneous in not excluding from the consideration of the jury general benefits.

4. **Cities of the First Class:** ALLOWANCE OF CLAIMS; ACTION FOR UNLIQUIDATED DAMAGES. Section 36 of the act relating to cities of the first class does not provide for the allowance or rejection of claims against such cities for unliquidated damages by the city council, or for appeals from the action of the council on claims of that nature. Notwithstanding that section, an original action may be maintained for unliquidated damages in any court of competent jurisdiction.

ERROR from the district court of Lancaster county. Tried below before HALL, J.

The opinion contains a statement of facts.

*J. R. Webster*, for plaintiff in error:

In the second instruction there are the following errors: The instruction requires proof of plaintiff's title, proof whereof had been waived in open court, so that it was no longer in controversy. It also left the jury free to find as they saw fit, on the question of whether plaintiff, prior to bringing suit, had filed her claim with the city clerk, a fact which plaintiff had established by record evidence, and which there was no attempt to controvert. The third and fourth instructions contain the same errors. An established fact admitted by the parties ought not to be thrown into controversy again by the court. (*Dunbier v. Day*, 12 Neb., 608; *Frederick v. Kinzer*, 17 Neb., 366.)

The instructions as to measure of damages are in effect that if the change of grade and fill makes no decrease in the vendible market value of the property, then there is no damage. This was error, because it did not distinguish between general and special betterments. General benefits are not proper matter of set-off against damages to property. (*Fremont, E. & M. V. R. Co. v. Whalen*, 11 Neb., 588; *Missouri P. R. Co. v. Hays*, 15 Neb., 229; *Schaller v. City of Omaha*, 23 Neb., 325.)

*N. C. Abbott, City Attorney*, and *Abbott, Selleck & Lane*, *contra:*

The second instruction properly presented to the jury the facts in issue under the pleadings. Where an instruction is given by which it is sought to include the whole of the case necessary to a verdict in favor of one of the parties to the action, all elements necessary to the conclusion should be embodied in the instruction. Otherwise it should not

be given. (*Bowie v. Spaids*, 26 Neb., 635; *City of Platts-mouth v. Boeck*, 32 Neb., 297.)

The rule of betterments laid down in the fourth and fifth instructions is the correct rule as established by this court. (*City of Plattsmouth v. Boeck*, 32 Neb., 297.)

Plaintiff's remedy, on disallowance of her claim by the city council, was by appeal to the district court. This is the remedy given by section 36 of the law governing defendant city, and the statute excludes the general remedy by independent suit in court. The district court having had no jurisdiction to try the action, this court has no jurisdiction to hear the case on error. The statute referred to is similar to the law governing the prosecution of claims against the county, and it has been held in a number of cases that the remedy against the county by appeal from the action of the county board is exclusive. (*Richardson County v. Hull*, 24 Neb., 339; *Brown v. Otoe County*, 6 Neb., 111; *State v. Buffalo County*, 6 Neb., 454; *Dixon County v. Barnes*, 13 Neb., 294.)

IRVINE, C.

This action was brought by the plaintiff in error against the city of Lincoln to recover damages sustained by property of plaintiff in error by reason of a change of grade of Ninth and G streets. The action was brought in the county court and appealed to the district court, where there was a trial, and a verdict and judgment in favor of the city. The defendant answered averring that the court had no jurisdiction, for the reason that the law requires all claims of the nature of plaintiff's to be presented to the city council for allowance or rejection, and that the only remedy for erroneous action on the part of the council is by appeal to the district court, and not by original action. This question was before the court in the case of *City of Lincoln v. Grant*, 38 Neb., 369; but that judgment was reversed upon other grounds and the question was not there

decided.   The plaintiff in error contends that the lower court being without jurisdiction to try the case, this court is without jurisdiction to review it upon error, and there must be a judgment of dismissal for want of jurisdiction. The contention thus raised calls for a construction of section 36 of the act relating to cities of the first class.   By that section it is provided as follows:

"All claims against the city must be presented in writing with a full account of the items, verified by the oath of the claimant, or his agent, that the same is correct, reasonable, and just, and no claim shall be audited or allowed unless presented or verified as provided for in this section and read in open council.   The vote of each councilman upon the allowance of any claim shall be entered upon the minutes; *Provided,* That no claim arising either on contract or tort exceeding the sum of twenty-five dollars shall be allowed until the same shall have been read in open council and the name of the claimant and the amount and the nature of the claim published once in a daily newspaper published and of general circulation in said city. Not more than five words shall be used in stating the nature of any such claim.   Any taxpayer in such city or the claimant may, after the allowance of any claim required by this section to be published, appeal therefrom to the district court of the county in which such city is situated by giving notice of such appeal to the city clerk within two days after the allowance of the same, and filing, within ten days after such allowance, a bond or obligation in favor of said city with the clerk thereof, and with good and sufficient sureties, to be approved by said clerk, conditioned that said appellant shall prosecute said appeal to effect and without any unnecessary delay, and pay all costs that may be adjudged against said appellant; and in an appeal by a taxpayer, in case the claimant finally recovers judgment for as much or a greater sum, exclusive of interest, as allowed by the council, such appellant shall pay

all costs made by such appellate proceedings; and in an
appeal by a claimant, in case such claimant does not re-
cover of said city as large a sum, exclusive of interest, as
allowed by such council, said claimant shall pay all costs
made by said appeal. The procedure of such appeal shall
be in all respects as near as may be like the procedure on
appeal from the county board to the district court. In
case of appeal no warrant shall issue for the payment of
any claim until said appeal is finally determined. And to
maintain an action against said city for any unliquidated
claim it shall be necessary that the party file in the office
of the city clerk, within three months from the time such
right of action accrued, a statement giving full name and
the time, place, nature, circumstance, and cause of the in-
jury or damage complained of. No appeal bond shall be
required of the city by any court in any case of appeal by
said city."

This section requires in the first place that all "claims"
against the city must be presented in writing under oath,
read in open council, and the vote upon their allowance
taken and recorded, and that claims in excess of a certain
amount must first be advertised in a daily newspaper. It
then provides for an appeal from the order of allowance
or rejection either by the claimant or by a taxpayer. After
the provision in regard to appeals comes the provision
that "to maintain an action against said city for any unliq-
uidated claim it shall be necessary that the party file in
the office of the city clerk, within three months from the
time such right of action accrued, a statement giving full
name and the time, place, nature and circumstance, and
cause of the injury or damage complained of." The sub-
ject-matter of the section, its arrangement, and its lan-
guage, all indicate an intention to classify demands against
the city in two groups. The first consists of claims cer-
tain in amount or of such a nature as to be capable of
liquidation with certainty. These are to be passed upon

in the first instance by the council, and the claimant or any taxpayer, if dissatisfied with the council's action, may appeal to the district court.   The second group consists of such demands as present causes of action for unliquidated damages, and in regard to such demands the law does not provide for judicial action upon them by the council, but merely requires, as a condition precedent to bringing an action, that the city, by the presentment of a statement, shall be given notice within a reasonable time after the cause of action accrues, and this undoubtedly for the purpose of enabling its officials to investigate the facts before the evidence becomes dissipated.   The council is, by reason of its relations to the city government, peculiarly unfitted to pass upon claims for unliquidated damages, and it was not the intention of the legislature to require that such claims should be first submitted to its judgment.   The fact that the provision relating to appeals stands between those in regard to liquidated claims and those relating to unliquidated demands lends force to this conclusion, and if a doubt remained, the language would, we think, be conclusive.   The first portion of the section expressly requires the council to act upon the claims therein referred to.   That portion in regard to unliquidated claims contains no such requirement, but, on the contrary, expressly states that to "maintain an action" the claimant must first present his statement.   Finally, to give it the construction contended for would be to permit this section, in an act not relating to judicial procedure, to fix a special and unreasonably short period of limitations to a certain class of actions, when the defendant happens to be a city of the first class. Whether such a special limitation could be sustained is at least doubtful.   No valid argument can be based upon the decisions relating to counties.   The statute providing for claims against counties differs from this, in that it contains no provision whatever in regard to unliquidated claims.

The court instructed the jury, among other things, as follows:

"Second—The burden of the proof in this action is on the plaintiff to establish by a preponderance of the evidence all the material allegations of her petition. These material allegations are as follows:

" 1. That she is the owner of lots 1 and 2, block 162, of the city of Lincoln.

" 2. That in the year 1885 the defendant city had an established grade for its streets, and particularly for Ninth and G streets, at their intersection.

" 3. That thereafter plaintiff erected dwelling houses and other improvements, permanent in their nature, on her said lots, constructing her improvements in reference to and in conformity with the then established grade on said streets.

" 4. That after said improvements were made the defendant city changed the grade of its said streets, Ninth and G, to a higher grade at this intersection, by filling in the street in the front of the plaintiff's premises.

" 5. That said change of grade and filling in said streets by defendant, damaged the property of the plaintiff.

" 6. That plaintiff filed her claim for damages alleged to be sustained therefrom with the clerk of the defendant city, duly verified according to law, which defendant neglected and refused to pay."

In at least two respects this instruction left to the determination of the jury questions which, although put in issue by the pleadings, stand upon the evidence uncontroverted. One of these questions related to the ownership of the premises alleged to have been injured. Upon this point the defendant upon the trial waived proof. The other was upon the presenting of the statement required by section 36 above referred to. Proof was offered of the presenting of such a statement, received without objection, and no evidence was offered to contradict it. The submission to the jury of these questions was emphasized by the third and fourth instructions given by the court, of which we quote the third alone. The fourth was couched in similar language. The third was as follows:

Dayton v. City of Lincoln.

"If you find from the evidence that plaintiff is the owner of the premises described in the petition, and if you find from the evidence that plaintiff erected on said premises dwelling houses and other improvements of a permanent nature, and if you find from the evidence that said defendant city had an established grade for the streets abutting said premises at the time said improvements, if any, were constructed thereon, and if you find from the evidence that said improvements, if any, were erected by plaintiff in reference to and conformity with said grade, if any, established on said streets, * * * and if you find from the evidence that said change of grade and fill, if any such you find, damaged the said premises of plaintiff, if you find she owned them, then you are instructed that plaintiff is entitled to recover at your hands such a sum as will justly compensate her for the damage, if any done thereto, provided you further find that plaintiff presented a claim for compensation therefor and filed the same at the office of the clerk of defendant city in the manner required by law, and that defendant neglects and refuses to pay the same."

We do not here hold that it is reversible error in every case to so frame instructions as to submit to the jury an issue raised by the pleadings upon which proof has been offered upon one side and not upon the other. But while ownership of the property and the presenting of a statement of the claim were both put in issue by the pleadings and both points essential to a recovery, the state of the evidence sustained only one finding upon these points. By the second instruction these issues were presented to the jury as questions open for its determination upon the evidence. By the third and fourth the conditional statements of these subjects may have led the jury to infer that as a matter of law these issues remained in the case as disputed questions, upon which they were at liberty to find as they saw fit. The instructions were in this respect misleading

and must have tended to confuse the jury and withdraw their attention from the real issues in the case. They were, therefore, prejudicially erroneous. (*Dunbier v. Day*, 12 Neb., 596; *Frederick v. Kinzer*, 17 Neb., 366.)

Upon the question of the measure of damages the court gave the following instruction:

"Both plaintiff and defendant have introduced testimony as to the value of said premises immediately before and immediately after the alleged change of grade and fill were made in the streets fronting on said premises. If from the evidence you find that plaintiff owned said premises, that her improvements, if any, thereon were built upon a grade established by defendant and used on said streets, and if you find that defendant changed said grade, if any, and filled said streets to a higher level, then you are instructed that you should consider the evidence as to value of said premises immediately before and immediately after said change of grade and fill, if any were made, in connection with all other testimony of the case, and from all the testimony before you determine whether or not the premises described in the petition have, by reason of the changed grade and fill, if such you find, been in fact decreased in their pecuniary or market value. If from all the evidence under the instructions of the court you find that said premises were in fact diminished in their market value and damaged by the alleged acts of defendant, then your verdict should be for plaintiff. If from all the evidence under the instructions of the court you find that said premises have not in fact suffered a diminution in their market value and were not damaged as alleged, then you should find in favor of the defendant."

The effect of this instruction was to require the jury to find for the defendant if after the grading complained of the market value of the premises was as much as before. The instruction failed to state to the jury that there could be no deduction from the damages sustained by reason of

general benefits to the property.  The plaintiff requested instructions upon this point, which were refused.  It is now the settled law of the state that in the case of damages to abutting property special benefits may be set off while general benefits may not. (*Wagner v. Gage County*, 3 Neb., 237; *Schaller v. City of Omaha*, 23 Neb., 325.)  The jury having been confined by the instruction to a consideration of the general question as to whether the premises had suffered a diminution in their market value, it was in effect told to consider all benefits, and the instruction was, therefore, erroneous.

REVERSED AND REMANDED.