THOMAS GILLESPIE, APPELLEE, V. CITY OF SOUTH OMAHA, APPELLANT.

FILED JUNE 22, 1907. No. 14,886.

1. **Eminent Domain:** CONSTRUCTION OF VIADUCT: DAMAGES. Where a city partially vacates a street and builds a viaduct thereon opposite plaintiff's real estate abutting on such street, thereby diminishing the convenience of access to such property, the true measure of damages to the owner is the difference in the value of the property before and immediately after the improvement, unaffected by any increase or depreciation of property values generally in the same vicinity.

2. ———: ———: ———. In determining the amount of such damages, the jury may consider diversion of travel, inconvenience of access, and diminution of business carried on upon said property, not as independent items of damage, but for the purpose of determining the market value of the property before and after the construction of such improvement.

APPEAL from the district court for Douglas county: LEE S. ESTELLE, JUDGE. *Affirmed.*

*Lambert & Winters,* for appellant.

*Smyth & Smith, contra.*

CALKINS, C.

The plaintiff owned property abutting the north side of L street between Thirty-Eighth and Thirty-Ninth streets in the city of South Omaha. L street was much used, and the whole tide of travel passed by the property of the plaintiff. He owned a business building at the corner of Thirty-Eighth and L streets, which was used by him for a hotel and saloon. The travel east and west upon L street made his lots desirable for business purposes. This was the condition of his property when the city closed L street from Thirty-Eighth street west to Thirty-Ninth street, and vacated the south half of L street between Thirty-Eighth and Thirty-Ninth streets. On the half thus vacated the city constructed a viaduct, which started at

Thirty-Ninth street and ran east in front of the plaintiff's property across the railroad tracks to a point where L street intersects Thirty-Sixth street. Thirty-Ninth street is considerably higher than Thirty-Eighth street, and the viaduct passes in front of the plaintiff's property at a point about 20 feet above the surface of the street. As a result of the closing of the streets and the building of the viaduct, the travel which before passed in front of the plaintiff's building now crosses on the viaduct 20 feet above. To reach the plaintiff's property, travel from the east must go west over the viaduct to Thirty-Ninth street, and then retrace its course along the part of the street left open on the north side, so that, while access to the plaintiff's property from the public street is not prevented, its convenience is greatly diminished, and the amount of casual travel passing his place of business much reduced. This was an appeal to the district court from refusal of the city council to allow plaintiff's claim for damages. The jury found for the plaintiff in the sum of $3,000, and from a judgment rendered upon this verdict the defendant appeals.

1. In the first instruction the jury were told that the only question for its consideration was the amount of damages suffered by plaintiff on account of the deprecia-tion in the value of his property caused by the vacation of L street and the erection of the viaduct mentioned in the plaintiff's petition; that its verdict must be for the plain tiff in some amount; but that, in considering damages sustained, it must be damages to the realty, and not to any business conducted by the plaintiff. Exception is taken to so much of this instruction as tells the jury it must find for the plaintiff in some amount, the contention being that, upon the theory of law contended for by the defendant, the jury might have found for the defendant. If the plaintiff was entitled to recover the depreciation in value of his property caused by the closing of the street and the erection of the viaduct, this instruction was right; for, while this depreciation was not estimated at so great

an amount by the defendant's witnesses as by those called for the plaintiff, its existence in some amount was conceded by all. The objection to this instruction involves the question whether the damages proved were such damages as the plaintiff was entitled to recover. This question arises upon the defendant's objection to the other instructions, and is, we think, the only question in the case. The position of the defendant is that there were in this case two kinds of damages, general and special, the former being such as are shared by the plaintiff generally with the public at large, and the latter such as are peculiar to the plaintiff's property; and it is sought to limit the latter by further restricting the same to such damages as he could have recovered at common law if the improvement had not been authorized by statute. Since at common law there must be a physical interference with the enjoyment of the possession of the property to sustain an action for damages thereto, it would follow from the adoption of this theory that there could only be a recovery in cases where the property is actually taken or access thereto entirely cut off. The defendant prepared and presented to the court requests for instructions embodying this view of the law, which were by the court refused. In this case no general damages common to the community at large are pointed out; and we are unable to understand how any such could exist. The effect of building a viaduct across railroad tracks upon a business street is a familiar one and easily understood. In order to attain the required height, it is usually necessary to commence the elevation of the viaduct some distance from the tracks. This results in lessening the range of use, and a consequent diminution of the value of property abutting on the street from the point where the viaduct leaves the grade of the street to the point where it again returns to such grade. All the other property affected by the improvement is benefited, while that between the two ends of the viaduct is necessarily damaged. The damages so suffered are special within the definition above given,

and not general. Section 21, art. I of the constitution, provides that "the property of no person shall be taken or damaged for public use without just compensation therefor." The interpretation of this constitutional provision is not new in this state. The precise question was before this court in *City of Omaha v. Kramer,* 25 Neb. 489, which was an appeal from the award of damages caused by the construction of a viaduct across the railway tracks on Eleventh street in the city of Omaha. Construing the constitutional provision above quoted, the court held that it embraced all damages which affected the value of a person's property. In other words, that the word "damage" in the constitution includes all actual damages resulting from the exercise of the right of eminent domain which diminish the market value of private property. The case of the *Pennsylvania R. Co. v. Marchant,* 119 Pa. St. 541, was cited to the court to sustain the proposition that the word "damage" should be construed to mean such legal wrong as would be the subject of an action for damages at common law. The court refused its assent to such construction, and expressly disapproved of the Pennsylvania case, and established the doctrine that the measure of damages caused by the construction of a publi improvement is the difference between the value of the property immediately before the location and construction of the improvement and immediately afterwards. It was aptly said by the court that constitutional guaranties are of little avail unless carried out in the spirit in which they were framed, and no plea of public benefits should be permitted to impoverish the owner of private property or override a plain constitutional inhibition. If the public desire to erect works for public use, then the public, the party benefited, must bear the burden, while each owner of private property, as one of the public, in some of the modes provided by law, must pay his share of the indebtedness or expense, and thus equalize the burden. The rule thus adopted has been often attacked, but always sustained by this court, and we are still satisfied

with its reasoning and conclusion. In a very recent case, that of *Stehr v. Mason City & Ft. D. R. Co.*, 77 Neb. 641, this court has had occasion to review and discuss the authorities upon that question, which renders it unnecessary for us to enter into another exhaustive consideration thereof. It necessarily follows that there was no error in refusing the instruction offered by the defendant submitting the theory of the law contended for by its counsel.

2. The defendant also excepts to so much of the instruction of the court as provided that the jury might take into consideration the question whether travel was diverted from the surface of the street in front of the plaintiff's property, and whether or not his premises were as desirable and accessible for business purposes after the closing of the street and the construction of the viaduct, and that it might also consider whether it appeared from the evidence that the business carried on by the plaintiff was affected by the building of the viaduct. These were given to the jury as elements of damages, and the jury were in each case informed that the measure of damages was the difference between the value of the property before the construction of the viaduct and closing of the street and immediately thereafter. It was pertinent to show that the business of the occupant of the property was affected by the improvement, and that the access thereto was less convenient, not as independent items of damage, but for the sole purpose of determining the difference between the market value of the property before and after the construction. *City of Omaha v. McGavock*, 47 Neb. 313; *Chicago, B. & Q. R. Co. v. O'Connor*, 42 Neb. 90. This definition was plainly kept before the jury in each of the instructions complained of, and there is no error in this respect.

We therefore recommend that the judgment of the district court be affirmed.

JACKSON and AMES, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.