GEORGE KAYSER ET AL., APPELLEES, V. CHICAGO, BURLING-
TON & QUINCY RAILROAD COMPANY, APPELLANT.

FILED JANUARY 24, 1911.   No. 16,242.

1. **Husband and Wife: JOINDER.** The homestead of husband and wife
was held in the name of the wife. An action for damages was
instituted growing out of the alleged diminution in the value of
the property by reason of the contiguous construction of railroad
tracks and freight yards. The petition alleged that the real
estate was the property of both husband and wife, and they were
joined as plaintiffs. No issue as to ownership was specifically
raised by the answer. *Held*, That the plaintiffs were properly
joined, and there was no error in overruling an objection to the
question as to the ownership or interest of the husband.

2. ——: PARTIES. Had the husband been an unnecessary party
plaintiff, that fact would not prevent a recovery, as judgment
could have been rendered for either party, if successful, under
the provisions of section 429 of the code.

3. **Eminent Domain: MEASURE OF DAMAGES: EVIDENCE.** In their efforts
to prove the amount of damages sustained by plaintiffs, certain
competent witnesses were asked as to the market value of the
property immediately before the construction of defendant's
tracks and the value after the laying of the tracks and their
use for the transfer of freight. This was the proper practice.
*Chicago, R. I. & P. R. Co. v. O'Neill*, 58 Neb. 239. On cross-
examination the witnesses were asked as to the elements con-
sidered by them in arriving at their valuations, some of which
were shown not to be proper to have been taken into considera-
tion This cross-examination was proper as tending to weaken
the force or weight of their testimony, but did not so destroy it
as to require the whole thereof, including that which was com-
petent, to be stricken out and withdrawn from the consideration
of the jury.

4. ——: ——. "The jury in fixing the damages sustained by a
landowner in consequence of the appropriation, or injury, of his
property for a public use may take into account every element
of annoyance and disadvantage resulting from the improvement
which would influence an intending purchaser's estimate of the
market, value of such property." *Chicago, R. I. & P. R. Co. v.
O'Neill*, 58 Neb. 239.

5. ——: ——. Those elements include injury from smoke, noise,
soot, cinders and vibration.

6. ———: EXCÉSSIVE DAMAGES. The testimony of witnesses as to the extent of the diminution in value of plaintiffs' property by reason of the construction of lines of track and their use by engines and cars was conflicting. The jury were sent out by the court to view the premises. *Held,* That the verdict, while apparently large, but within the estimates of some of the witnesses, could not be molested.

APPEAL from the district court for Adams county: HARRY S. DUNGAN, JUDGE. *Affirmed.*

*James E. Kelby, H. F. Rose, Frank E. Bishop* and *John C. Stevens,* for appellant.

*Tibbets, Morey & Fuller, contra.*

REESE, C. J.

This is an appeal from the district court for Adams county. The action was instituted for the purpose of recovering damages alleged to have been sustained by reason of the construction of certain railroad tracks on the opposite side of the street in front of plaintiffs' residence in the city of Hastings. The facts briefly stated are that the line and tracks of defendant's railroad had previously been constructed about one block, or from 300 to 350 feet, south of and parallel to First street in said city. Between that street and the tracks was a block of lots with residence improvements thereon; that portion on the north side of the block fronting on First street. Plaintiffs' residence is situated on the north side of said street, fronting to the south thereon. Prior to the commencement of this action the defendant obtained, by purchase or condemnation, all the lots south of First street, removed the dwellings and other buildings, trees and shrubbery therefrom, excavated the ground from 3 to 7 feet, placed 4 tracks thereon, and constructed its freight depot and platform on and against the curb line on the south side of the street, the platform extending to within the width of an alley (about 20 feet) of a point south of and in front of plaintiffs' residence, the tracks extending

the whole distance of the block. The action was for the diminution in value of plaintiffs' residence property by reason of the construction of the tracks, the practically constant use thereof by switch engines and freight cars in the transfer of freight, and the "noise, jarring, dust, smoke, soot, cinders and noxious odors created by such traffic." With the exception of the allegation of the corporate capacity of defendant, and that it has owned and operated a line of railroad through the city of Hastings for more than 20 years, the answer is a general denial. There was a jury trial, which resulted in a verdict and judgment in favor of plaintiffs. Defendant appeals.

The evidence shows the making of the change in defendant's tracks from the main line to the point south of plaintiff's residence substantially as alleged in the petition, and as above outlined. The plaintiffs are husband and wife. The title to the property is held in the name of the wife, and it is shown to be the homestead of both and their family, consisting of one daughter. The action having been brought in the names of both the husband and wife, it is contended that there is a misjoinder of parties plaintiff, it being insisted that the husband was improperly joined. There was no proof as to by whom the consideration for the purchase of the property was paid, but both plaintiffs testified that the property belonged to both. This evidence was objected to at the time it was offered, and an adverse ruling by the court is now assigned for error. The defendant asked for an instruction directing a verdict in its favor upon that ground, which was refused. As this direct issue was not presented by answer, it may be questioned whether or not it was waived. *Donahue v. Bragg*, 49 Mo. App. 273; *Lass v. Eisleben*, 50 Mo. 122. However, we are not prepared to say that the husband was not a proper party, even had there been no proof of his ownership. The residence was the homestead of the family—his home—and it was alleged and sufficiently proved that the full enjoyment of that home was interrupted. Should the objection

to the evidence that the lots were the joint property of both have been sustained? We think not. The joint ownership was alleged in the petition. The deed showed that the title was held in the name of the wife. It was entirely proper to prove the husband's interest. But, even were this not true, we are unable to see how the joining of the husband could in any event work to the prejudice of defendant. By the provisions of section 429 of the code, a judgment may be given for or against one or more of several plaintiffs, and this would not require a dismissal of the action if it should appear that the husband was an unnecessary party; the judgment, if in favor of either plaintiff, could be entered in accordance with the fact.

On the trial of the question of the extent of damages sustained, the testimony offered and received was as to the difference in the value of the property immediately before and after the construction of defendant's tracks and freight platform on the side of the street opposite plaintiffs' dwelling. This was the proper measure of damages. *Chicago, R. I. & P. R. Co. v. O'Neill*, 58 Neb. 239. And in estimating the amount of damages sustained the jury may take into account every element of annoyance and disadvantage resulting from the improvement which would influence an intending purchaser's estimate of the market value of the property. *Chicago, R. I. & P. R. Co. v. O'Neill, supra.* And this includes injury from smoke, soot and cinders from passing engines where no part of the land is actually taken (*Omaha & N. P. R. Co. v. Janecek*, 30 Neb. 276), also from noise and vibration caused by the operating of a railroad near the property, though not along a public highway (*Gainesville, H. & W. R. Co. v. Hall,* 78 Tex. 169, 14 S. W. 259, 9 L. R. A. 298). And such damages may be recovered if the tracks are on the opposite side of the highway. *Lake Erie & W. R. Co. v. Scott*, 132 Ill. 429, 8 L. R. A. 330.

Upon cross-examination of the witnesses who had testified to the diminution in value of plaintiffs' property,

they were asked as to the elements considered by them in arriving at their opinions, some of which were not entitled to consideration in arriving at the conclusion, but which the witnesses testified they considered. Upon the close of their testimony, defendant's counsel moved to strike out all the testimony of those witnesses, which motion the court overruled. This ruling is assigned for error. There was no error in the decision. The cross-examination, while proper, could only have the effect of weakening the testimony of the witnesses, and of which the jury were the sole judges. A portion, at least, of the testimony of each witness was competent and material, and the motion to strike out the whole should not be sustained.

Certain witnesses were asked to state the condition of the block on the opposite side of the street before the appropriation of the block by defendant. This was objected to and the objection overruled, to which defendant excepted, and the ruling is now assigned for error. The answers were that the block was occupied by residences, trees, shrubbery, etc., which added to the beauty of the surroundings, and protected plaintiffs' property from the smoke, soot, cinders and noise caused by the operation of the trains, engines and cars on the tracks to the south, all of which improvements had been removed and the ground appropriated to the use of the tracks within the excavation above referred to, thereby rendering plaintiffs' home of less value as residence property. This evidence seems to be of little, if any, importance and might have been well excluded, but the error in receiving it, if such there were, was cured by the giving of instruction numbered 2, given at the request of defendant, which is as follows: "The jury are instructed that if you find in favor of the plaintiffs, in arriving at the amount of your verdict, you must give consideration only to the claims of damage stated in the petition; that is, on account of noise, jarring, dust, smoke, soot, cinders and noxious odors caused by the operation of the railroad tracks and trains in connection with the freight depot, and you must

not allow any damages for any other claims or consideration, even though testimony of witnesses may have been received on other causes and consideration of damage." This eliminated every consideration except those named and left no ground for complaint.

It is contended that the verdict of the jury, which is $1,100, is excessive. Eight witnesses were examined as to values by plaintiffs, and two by defendant. There was considerable discrepancy in their testimony. Of the eight, two placed the diminution in value at $1,000, two at from $800 to $1,000, one at $900, one at $600, one at $800, and one at $1,200 to $1,400. Of the two witnesses for defendant, one testified there was no diminution, while the other placed it at from $200 to $300. In addition to the testimony of witnesses, the jury were sent to view the premises and the information there obtained was considered by them. While we are persuaded that the verdict was the full measure of the damage proved, yet we cannot see that the excess, if any there is, calls for the interference of this court.

The judgment of the district court is therefore

AFFIRMED.