MASON CITY & FT. D. R. CO. v. KENNEDY.

(Circuit Court of Appeals, Eighth Circuit.   November 28, 1911.)

No. 3,556.

EMINENT DOMAIN (§ 100*)—COMPENSATION FOR DAMAGE TO PROPERTY NOT TAKEN—NEBRASKA CONSTITUTION.

Const. Neb. 1875, art. 1, § 21, providing that the property of no person shall be taken or damaged for public use without just compensation, as construed by the state Supreme Court, entitles a property owner to recover for special injury caused to his property by the closing of parts of certain streets and alleys several hundred feet from plaintiff's property whereby her means of ingress and egress were impaired, but not destroyed.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 267; Dec. Dig. § 100.*

Consequential and indirect damages, see note to High Bridge Lumber Co. v. United States, 16 C. C. A. 468.]

In Error to the Circuit Court of the United States for the District of Nebraska.

Action by Catherine Kennedy against the Mason City & Ft. Dodge. Railroad Company. Judgment for plaintiff, and defendant brings error. Affirmed.

William H. Herdman (William D. McHugh, on the brief), for plaintiff in error.

I. J. Dunn, for defendant in error.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Before HOOK and SMITH, Circuit Judges, and MARSHALL, District Judge.

HOOK, Circuit Judge.    Catherine Kennedy recovered a judgment against the railroad company for damages to her real property in Omaha, Neb., caused by the vacation and closing of parts of some streets and alleys.    As the parts closed were several hundred feet distant from her property her means of ingress and egress were merely impaired, not destroyed.    The railroad company complains that the trial court refused to hold and to charge the jury that there could be no recovery for a damage not differing in kind from that sustained by the general public.    The question is entirely one of local law, and is controlled by the decisions of the highest judicial tribunal of the state.    The Constitution of Nebraska, adopted in 1875, provides that "the property of no person shall be taken or damaged for public use without just compensation."    Article 1, § 21.    Many decisions of the Supreme Court of that state construing this provision were reviewed by us November, 1906, in Mason City, etc., R. Co. v. Wolf, 78 C. C. A. 589, 148 Fed. 961.    They hold that the property owner may recover for all special damage in excess of that to the community at large, that such damage may arise from a closing of public highways not contiguous to but distant from his property, and that the measure thereof is the difference between the values before and after the act complained of.    They clearly sustain the action of the trial court in the case at bar. This is conceded, but it is contended that since then the state court has established a contrary rule.    In December, 1906, Stehr v. Railroad Co., 77 Neb. 641, 110 N. W. 701, 124 Am. St. Rep. 872, was decided and the long-established doctrine was reaffirmed.    That case is precisely like the one at bar.    It related to property in the vicinity of that of the plaintiff here and claimed to have been damaged by the same closing of parts of distant thoroughfares.

But it is contended that the still later cases of Enders v. Friday, 78 Neb. 510, 111 N. W. 140, decided March, 1907, and Lee v. McCook, 82 Neb. 26, 116 N. W. 955, decided June, 1908, show a reversal of opinion, and hold that there can be no recovery of damages which are the same in kind, though different in degree, from those sustained by the community at large.    Both these cases were suits by property owners to enjoin the closing of streets, and it must be said that the opinions contain language in the discussion of what is a recoverable damage which is directly in conflict with the doctrine which previously obtained.    Both opinions were by commissioners in aid of the labors of the Supreme Court, and the judgments were affirmed by the court for the reasons given.    But in neither opinion was there a discussion of the prior doctrine nor a perceptible purpose to change it aside from the bare conflict of view.    The other cases in Nebraska were not distinguished or referred to, and the precedents cited were for the most part the decisions of courts of other states.    More than this, in June, 1907, after the Enders Case and before that of Lee, the case of Gillespie v. South Omaha, 79 Neb. 441, 112 N. W. 582, was decided by the commissioners and the judgment similarly affirmed

by the Supreme Court. Like the one at bar, it was an action for damages, and, while access to the private property was not destroyed, its convenience was greatly diminished and the amount of travel much reduced. It was held that the owner was entitled to recover. The Stehr Case was referred to with approval as containing a review and discussion of the authorities and a reconsideration of the question was therefore held unnecessary. In Kayser v. Railroad, 88 Neb. 343, 129 N. W. 554, decided in January, 1911, a case similar in some respects to that of Gillespie, the Supreme Court of the state itself said that:

"In estimating the amount of damages sustained, the jury may take into account every element of annoyance and disadvantage resulting from the improvement which would influence an intending purchaser's estimate of the market value of the property."

Our sole province here is to ascertain the law of Nebraska, and not independently of the local decisions to pronounce what it may be upon a general consideration of the authorities, including those of other states. We are not persuaded that that law as stated by us in the Wolf Case and later by the Supreme Court of Nebraska in the case of Stehr has been changed. If it were, we would expect to find a more explicit declaration to that effect than we have observed.

The judgment is affirmed.