OWEN A. FRANK ET AL., APPELLANTS, v. STATE OF NEBRASKA, DEPARTMENT OF ROADS, APPELLEE.

129 N. W. 2d 522

Filed July 3, 1964. No. 35619.

Wright, Simmons & Hancock, for appellants.

Clarence A. H. Meyer, Attorney General, Harold S. Salter, and Warren D. Lichty, Jr., for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

WHITE, C. J.

On motion for rehearing plaintiff condemnees attack the finding in our opinion that there was competent evidence to sustain the special finding of the jury that there was no damage to the remainder property of the plaintiffs. Further, they specifically attack those portions of the opinion which state that the jury could have found that any remainder damage was counterbalanced by an increase in value as the result of the taking, and that if the effect of the taking was to increase the value of the remainder, that the condemner was entitled to introduce valuation testimony from which such inferences could be drawn. The last two statements, they say, permit the allowing of special benefits when there was no evidence in the record as to special benefits as the result of the taking. Special benefits must be pleaded and proved, and general benefits may not be offset. Gillespie v. City of South Omaha, 79 Neb. 441, 112 N. W. 582; Dayton v. City of Lincoln, 39 Neb. 74, 57 N. W. 754; Regouby v. Dawson County Irr. Co., 126 Neb. 711, 254 N. W. 389. However, the condemnees must request an instruction that general benefits may not be offset and none was requested in this case. See, Dayton v. City of Lincoln, *supra;* Gillespie v. City of South Omaha, *supra.* Our opinion made no changes in the law as to pleading and proving such benefits and none were intended. They appear in context simply as comment on the possible valuation analysis that the jury might have made. Our opinion states, and we adhere to the holding, that the competent evidence as to valuation sustains the finding that there was no damage to the

remainder. The effect of the taking on the value of the remainder was for the jury. It was properly instructed as to the measure of damages. And our opinion points out that the valuation witnesses and the jury were entitled to consider the effect of the taking on all available and prospective uses as it related to any change in market value before and after the taking. Access to Twenty-seventh Street was one of the many factors involved. Just how much access was affected was for the jury. It could have found that plaintiffs' right to access was the same afterwards as before. In any event, deprivation of access does not cause diminution in market value of the remainder as a matter of law. Access cannot be separated out from the various factors affecting value and considered by itself as damage.

The plaintiffs' main complaint is that they suffered damage as a matter of law because of loss of access from Twenty-seventh Street. Besides what we have already said, the plaintiffs, in this case, had the further benefit of the following from instruction No. 15: "This does not mean, however, that you cannot allow plaintiffs damages because of the lack of access of a part of plaintiffs' remaining land to 27th Street by reason of the new highway *if you find any such damage.*" (Emphasis supplied.) This instruction not only implies that there was a destruction of access, but especially directs the jury's attention to this one particular factor. The error, if any, in this respect was against the State, and the plaintiffs cannot be heard to complain because of it.

There is no merit to plaintiffs' contention as to insufficiency of the evidence to support the verdict. Two statements in our previous opinion, when taken in context could be interpreted as misapplying the law of special benefits and may cause confusion. For that reason, the following language from our former opinion is withdrawn: "* * * and that the effect of the taking on value, if any, would be to increase it. * * * If the effect of the taking is to increase the value of the remainder, or

some of it, * * * or that it was counterbalanced by an increase in value of the remainder * * *." (176 Neb. at pages 763, 764, and 767.)

With these deletions, we adhere to our former opinion, and the motion for rehearing is overruled.

MOTION FOR REHEARING OVERRULED.