M. S. LINDSAY, APPELLANT, v. CITY OF OMAHA, APPELLEE.

[FILED OCTOBER 7, 1890.]

1. **Municipal Corporations:** VACATED STREETS: TITLE. L. was the owner of and resided in his dwelling house upon two adjoining lots of McCormick's addition to the city of O., bounded north by Harney street, east by Twenty-ninth (Twenty-eighth) street, and south by Half Howard street. The streets and blocks of the addition, as laid out and platted, did not correspond with those of the adjacent portions of the city previously laid out and platted. In order to correct and remedy this irregularity and inconvenience, the city, by ordinance, closed Twenty-eighth street and opened Twenty-ninth avenue through said addition west of the two lots and dwelling of L. in such manner as left a strip eight feet wide between the west one of the two lots and Twenty-ninth avenue; whereupon the city caused the damages to abutting property owners on Twenty-eighth street, including L., to be appraised, and was about to offer the vacated ground of said street at public sale, when L. commenced his suit for injunction as to the whole proceedings. *Held,* That the fee simple title to the vacated street is in the city of O.

2. ———: ———. The city possessed the power to vacate the street.

3. ———: ———. Upon its vacation no title therein passed or reverted to L. as the owner of abutting property.

4. ———: ———: DAMAGES.   As the owner of such abutting property, L. was entitled to damages, in addition to any suffered, as one of the community at large.

5. ———: ———: REMEDY: PRESUMPTION.   The provision by appraisement of damages, made by the city, presumed to be adequate for that purpose.

6. The pleadings and facts in evidence fail to present a case for injunction against the city authorities.

APPEAL from the district court for Douglas county. Heard below before DOANE, J.

*Wm. E. Healey*, and *M. S. Lindsay*, for appellant, cited : *State v. Cincinnati Gas Light Co.*, 18 O. St., 292 ; 2 Washb., Real Prop. [3d Ed.], 2, 3, 20, 445, 458 ; 1 Id., 66 ; 2 Chit. Blackstone, 151 ; 1 Cruise's Digest, 45 ; 2 Id., 3 ; Cooley, Con. Lim., 531, 555, 556, 658, 867 and note 3 ; *State v. Brown*, 3 Dutch. [N. J ], 13 ; *McKelway v. Seymour*, 5 Id., 321 ; *Hooker v. Utica Co.*, 12 Wend. [N. Y.], 371 ; *Stuyvesant v. Mayor*, 11 Paige [N. Y.], 425 ; *Dunham v. Williams*, 36 Barb. [N. Y.], 136, 163 ; *People v. Kerr*, 27 N. Y., 196 ; *Heyward v. Mayor*, 3 Seld. [N. Y.], 314 ; *Kane v. Mayor*, 15 Md., 240 ; *People v. White*, 11 Barb. [N. Y.], 26 ; *U. S. v. Harris*, 1 Sumner [U. S.], 21 ; 1 Redfield, Railways [6th Ed.], secs. 12, and 69, subds. 7, 12, 13 ; *Hill v. R. Co.*, 32 Vt., 73 ; *Heynaman v. Blake*, 19 Cal., 579 ; *Crawford v. Del.*, 7 O. St., 459, 469 ; *B. & M. R. Co. v. Reinhackle*, 15 Neb., 279 ; *St. Ry. v. Cumminsville*, 14 O. St., 546, 549 ; 2 Dillon, Mun. Cor. [3d Ed.], 47 and citations, 570 and citations, 587, 650, 675, 683, 712 ; Sedgwick, Stat. and Const. Law., 533, 534 ; *Com. v. Rush*, 14 Pa. St., 186 ; *Com. v. Alburger*, 1 Whart. [Pa.], 469 ; *Board v. Edson*, 18 O. St., 221 ; *Pres. v. Indianapolis*, 12 Ind., 620 ; *Turner v. Althaus*, 6 Neb., 54 ; *Barter v. Com.*, 3 Pa., 253 ;

33

*Com. v. R. Co.*, 27 Pa. St., 339; *Alleghany v. R. Co.*, 26 Id., 355; *Quincy v. Jones*, 76 Ill., 231, 244; *Milhan v. Sharp*, 27 N. Y., 622; *Matter of N. Y. Cent. R. Co.*, 77 Id., 255; *State v. Mayor*, 5 Port. [Ala.], 279; *C., R. I. & P. R. Co. v. Joliet*, 79 Ill., 34; *Sims v. Chattanooga*, 2 Lea [Tenn.], 694; *Com. v. McDonald*, 16 Serg. & R. [Pa.], 390; *Rung v. Shoneberger*, 2 Watts [Pa.], 23; *Penny Lot Landing Case*, 16 Pa. St., 79, 94; *Phil. v. R. Co.*, 58 Id., 253; *Burbank v. Fay*, 65 N. Y., 57, 71; *Jersey City v. Canal Co.*, 1 Beasl. [N. J.], 547, 561; *Simons v. Cornell*, 1 R. I., 519; *I. P. & C. R. Co. v. Ross*, 47 Ind., 25; *Hoadley v. San Francisco*, 50 Cal., 265; *Harmon v. Omaha*, 17 Neb., 551; *Denver Circle R. Co. v. Nestor*, 15 Pac. Rep., 723; *R. Co. v. Schurmeir*, 7 Wall. [U. S.], 272; *State v. Laverack*, 34 N. J., 201; *Wood v. San Francisco*, 4 Cal., 191; *Minor v. San Francisco*, 9 Id., 45; *Fairfield v. Williams*, 4 Mass., 427; *U. S. v. Harris*, 1 Sumner [U. S.], 21; *Leonard v. Adams*, 119 Mass., 366; *A., T. & S. F. R. Co. v. Patch*, 28 Kan., 470; *Hicks v. Ward*, 69 Me , 436; *Newville Road Case*, 8 Watts [Pa.], 172; *Barclay v. Howell*, 6 Pet. [U. S.], 498; *Davies v. Huebner*, 45 Ia., 574; *State v. Culver*, 65 Mo., 607; *Stout v. R. Co.*, 83 Ind., 4.6; 2 Kent, Com., 257, 339; *West River Bridge Co. v. Dix*, 6 How. [U. S.], 507; *Beekman v. R. Co.*, 3 Paige [N. Y.], 73; *Varick v. Smith*, 5 Id., 137; *Chas. Riv. Bridge v. Warren Bridge*, 11 Pet. [U. S.], 420; *Bloodgood v. R. Co.*, 18 Wend. [N. Y.], 56; *Wilkinson v. Leland*, 2 Pet. [U. S.], 627; *L. & O. R. Co. v. Applegate*, 8 Dana [Ky.], 301; *Albany St.*, 11 Wend. [N. Y.], 151; *John and Cherry Sts.*, 19 Id., 676; *Taylor v. Porter*, 4 Hill [N. Y.], 140; *Heyward v. Mayor*, 3 Seld. [N. Y.], 314; *Embury v. Conner*, 3 N. Y., 511; *B. & P. R. Co. v. McComb*, 60 Me., 294, 296; *Lance's App.*, 55 Pa. St., 16; Potter's Dwarris Statutes, 371, 375; *Weeping Water v. Reed*, 21 Neb., 271, 272; *Day v. Schroeder*, 46 Ia., 546; *Des Moines v. Hall*, 24 Id., 244, 246, 248; *Dempsey v. Burlington*, 66 Id., 688;

*Marshalltown v. Forney*, 61 Id., 578 ; *Williams v. Carey*, 34 N. W. Rep., 814 ; *Clinton v. R. Co.*, 24 Id., 476 ; *State v. Brown*, 3 Dutch. [N. J.], 13 ; *McKelway v. Seymour*, 5 Id., 321 ; *Hooker v. Utica Co.*, 12 Wend. [N. Y.], 371 ; *Stuyvesant v. Mayor*, 11 Paige [N. Y.], 425 ; *Dunham v. Williams*, 36 Barb. [N. Y.], 136, 163 ; *Atchison & N. R. Co. v. Garside*, 10 Kan., 564 ; *Augusta v. Perkins*, 3 B. Mon. [Ky.], 437 ; *Colchester v. Lowten*, 1 Vesey & B. [Eng.], 226 ; *Alvez v. Henderson*, 10 B. Mon. [Ky.], 131, 168 ; *Bowlin v. Furman*, 28 Mo., 427 ; Angell & A., Corp., sec. 187 ; *Still v. Lansingburgh*, 16 Barb. [N. Y.], 107 ; *Holladay v. Frisbie*, 15 Cal., 630 ; *Shannon v. O'Boyle*, 51 Ind., 565 ; *Mathews v. Alexandria*, 68 Mo., 115 ; *Kreigh v. Chicago*, 86 Ill., 407 ; *Buckner v. Augusta*, 1 A. K. Marsh. [Ky.], 9 ; *Townsend v. Greeley*, 5 Wall. [U. S.], 326 ; *Rutherford v. Baker*, 38 Mo., 315 ; *Price v. Thompson*, 48 Id., 363 ; *Alton v. Trans. Co.*, 12 Ill., 60.

*Jno. L. Webster*, contra, cited: *O. & R. V. R. Co. v. Rogers*, 16 Neb., 119 ; *Paul v. Carver*, 24 Pa. St., 207 ; *Gray v. Land Co.*, 26 Ia., 387 ; *Polack v. Asylum*, 48 Cal., 490 ; *Fearing v. Irwin*, 55 N. Y., 486 ; *Des Moines v. Hall*, 24 Ia., 234 ; *Pettengill v. Devin*, 35 Id., 344 ; *Day v. Schroeder*, 46 Id., 546 ; *Williams v. Carey*, 73 Id., 194 ; *Marshalltown v. Forney*, 61 Id., 578 ; *Dempsey v. Burlington*, 66 Id., 688 ; *D. & S. F. R. Co. v. Demke*, 11 Col., 247 ; *Denver R. Co. v. Nestor*, 10 Id., 416 ; *Wayne Co. v. Miller*, 31 Mich., 447 ; *Bay Co. v. Bradley*, 39 Id., 163 ; *Hunter v. Middleston*, 13 Ill., 50 ; *Stetson v. R. Co.*, 75 Id., 74 ; *Zinc Co. v. La Salle*, 117 Id., 411 ; *Gebhart v. Reeves*, 75 Id., 301 ; *Chicago v. Bldg. Assn.*, 102 Id., 379 ; *Kimball v. Kenosha*, 4 Wis., 336 ; *Weisbrod v. R. Co.*, 18 Id., 40 ; *Milwaukee v. R. Co.*, 7 Id., 85 ; *Mariner v. Shulte*, 13 Id., 775 ; *Price v. Thompson*, 48 Mo., 361 ; *Rutherford v. Taylor*, 38 Id., 315 ; *Bd. of Education v. Edson*, 18 O. St., 221 ; *Knox Co. v. McComb*, 19 Id., 320 ; *Malone v. Toledo*, 34 Id., 541, 545–6.

Совв, Сн. J.

The appellant alleges that on June 25, 1885, he was the owner in fee of lots 1 and 2 of block 11, of McCormick's addition to the city of Omaha; that on February 8, 1887, the appellee, without legal authority, vacated the public street No. 29, in said addition, between blocks 9, 10, 11, and 12, and offered the same for sale; to enjoin which the appellant brought this suit in the district court of Douglas county against the city of Omaha, which, upon final hearing and trial, was dissolved and the petition dismissed.

The answer of the defendant sets up that on February 8, 1887, the mayor and council duly passed an ordinance declaring that part of Twenty-ninth street between Farnam and Howard streets, in McCormick's addition, vacated; that prior thereto three disinterested freeholders of the city were duly appointed to assess the damages to the respective property holders abutting and adjacent to the street so vacated, and such appraisers duly assessed such damages, and the respective amounts were duly tendered to the respective property holders so damaged; that prior to vacating said part of said street defendant extended Twenty-ninth avenue in a straight line from Howard to Farnam street, and through said McCormick's addition, and as so extended lies a short distance west of the property in the plaintiff's petition described, and is one of the main thoroughfares of the city, and that the extension furnished a safe and convenient way of travel for the plaintiff, and for the public, in place of that part of the street vacated and as a substitute therefor; that prior to the vacation thereof defendant duly extended Twenty-eighth street in a straight line from Howard street to Farnam street through said addition, which extension lies a short distance east of the property of the plaintiff described, and is one of the main thoroughfares of the city, and that the extension furnished a safe and convenient way of travel

for the plaintiff, and for the public, in place of that part of Twenty-ninth street vacated and as a substitute therefor; that the vacating of said part of Twenty-ninth street and the extending of Twenty-ninth avenue and said Twenty-eighth street were acts for the use and benefit of the plaintiff, and were for the public good.

The plaintiff's reply denies the allegations of the answer.

The cause was submitted to the court on the pleadings and evidence. The court found for the defendant, dismissing the petition, from which the plaintiff appealed to this court.

Sections 104 and 105 of chapter 14, Compiled Statutes, provide for the laying out of cities, villages, and additions thereto, into lots, streets, alleys, and squares, by the owners or proprietors of land, the platting of the same, and the acknowledging and recording of the plats thereof; and section 106 provides that "The acknowledgment and recording of such plat is equivalent to a deed in fee simple of such portion of the premises platted as is on such plat set apart for streets or other public use, or as is thereon dedicated to charitable, religious, or educational purposes."

Some years ago, in writing the opinion in the case of *O. & R. V. R. Co. v. Rogers*, 16 Neb., 117, I made a thorough examination of the adjudicated cases of the states having statutory provisions similar, or nearly so, to our own above cited, and came to the conclusion that the fee simple title to the streets of cities or villages, which passes by virtue of the acknowledgment and recording of the plats, passes to and vests in the city or village.

Section 56 of chapter . 12*a* of the Compiled Statutes provides as follows: "The mayor and council shall have power * * * to provide for the opening, vacating, widening, and narrowing of streets, avenues, and alleys within the city, under such restrictions and regulations as may be provided by law." This provision relates to cities

of the metropolitan class, but there is also a similar provision relating to cities of the first class.

The provision of statute first above quoted is identical with that of a statute of Iowa. That state also has a provision of statute nearly identical with that last above cited. Under these statutes questions nearly similar to the one at bar have been several times before the supreme court of that state. The case of *Dempsey et al. v. City of Burlington et al.*, 61 Ia., 688, I am unable to distinguish in principle from the case at bar. It is true the case appears to have been contested, not so much upon the want of power on the part of the city to vacate the alley in question and convey the land thus vacated, as the form in which it was sought to be done. Yet the court squarely decided the question of power to grant the vacated ground to a private person, as well as to vacate the alley.

The case of *Marshalltown v. Forney*, 51 Id., 578, involves the same principle as the above, and was decided the same way. While I am inclined to follow these cases as far as is necessary to a decision of the case at bar, yet, in so far as it was the purpose and object of the city authorities of Des Moines and Marshalltown, respectively, in vacating the alley involved, to enable themselves to grant away the vacated ground, I would not follow them, as I think that the sale or granting of such ground by the city, could only be done as an incident to the power to open and vacate.

In the case of *Williams et al. v. Carey, Mayor, et al.*, 73 Id., 194, the court in the opinion says, after speaking of the several cases above cited, and others: "While in none of these cases, heretofore determined by this court, are the facts similar to those in the case at bar, yet the power of the city, in a proper case, to vacate a street, has been several times affirmed. Such power is clearly conferred by statute. Under it the power to narrow, widen, or vacate a street is practically unlimited, when it is exercised for the public

good, and yet it cannot be arbitrarily exercised under the pretense that the public good requires it. While this is true, it is subject to equitable control, and, therefore, to a large extent, each case must be determined in accordance with its own particular facts. An abutting lot-owner cannot arbitrarily object to the vacation of a street, or a part of a street, nor can he, upon slight grounds, prevent the accomplishment of that which is a material benefit to the general public; and the conclusion of the city council will, ordinarily at least, be conclusive as to the question whether the vacation of a particular street is for the public good. This being so, the question is whether the plaintiffs will be materially damaged. That they will be damaged to some extent will be conceded; but no tangible property belonging to them will be taken or appropriated for the public benefit. In a city or other community, at least some rights of an individual·must be subordinate to the general good."

In the case at bar the action is an equitable one, and the remedy sought is a perpetual injunction to prevent a sale of the vacated ground by the city, or its interference with the plaintiff in his enjoyment of the same as an open street. Plaintiff does not question the method by which the city has sought to vacate the street, or to sell the ground, but attacks its power to do either, and proceeds upon the theory that it not having the power to vacate, the street remains open, notwithstanding the vacating ordinance and the assessment and tender of damages to the abutting property holders. The question as presented by the pleadings, admissions, and evidence is, I think, fully answered by the statute which confers upon the city the power to vacate streets.

Doubtless residence property in a city may be, and often is, so situated in respect to other streets that to vacate a certain street immediately fronting thereon would inflict an irreparable injury, and, as such, might be enjoined. But such case is not presented here. At the same time it must

520 NEBRASKA REPORTS. [VOL. 30

State, ex rel. Chem. Nat. Bank, v. School District.

be conceded that the vacation of Twenty-ninth street, as the parties call it, or Twenty-eighth street, as it is marked on the exhibit, would be an especial damage to the property of the plaintiff, not shared in by the property of the city, or of McCormick's addition generally. The city concedes this by providing for the appraisement and tender of such damages, and the appraisement of the damages sustained by some fair and adequate method, and its payment by the city to the plaintiff is doubtless the relief to which the plaintiff was entitled. This relief he was entitled to upon the vacating of the street, which right is inconsistent with any on his part that the title to half of the street reverted to him upon its vacation, as well as any right to use the vacated ground as a street. So that it all depends upon the right of the city to vacate the street, a right given by the letter of the statute; and I know of no reason through which it should not.be made continuous and effective.

The judgment of the district court is

AFFIRMED.

THE other judges concur.