38  567
55  394

HOWELL LUMBER COMPANY v. CAMPBELL & DEERSON.

FILED JANUARY 2, 1894,   No. 4805.

1. **It is the province of the jury** to determine the credibility of witnesses and the weight which should be given their testimony.

2. **Credibility of Witnesses:** REVIEW.   A jury is not required to decide a disputed proposition of fact merely by a count of witnesses, but should determine which are the most worthy of credit; and, where the evidence is conflicting, a verdict based upon the testimony of the minority of the witnesses will not be disturbed by this court on error or appeal, unless it is manifestly wrong.

3. **Action on an Account:** PAYMENT: INSTRUCTIONS.   *Held,* That the instructions fairly submitted to the jury the disputed question of fact in the case.

ERROR from the district court of Sarpy county.   Tried below before CLARKSON, J.

*Martin Langdon,* for plaintiff in error.

*C. L. Hover, contra.*

NORVAL, J.

This suit was commenced in the county court by the Howell Lumber Company, a corporation, against Campbell & Deerson, on an account for lumber sold and delivered. From a verdict and judgment in favor of defendants

plaintiff appealed to the district court, where the defendants again obtained a verdict, and judgment was rendered thereon.

It is undisputed that on and prior to December 30, 1888, defendants were indebted to plaintiff in the sum of $647.82, for lumber purchased by the former of the latter. The defense in the court below, as well as here, was that the account had been settled by the defendants turning over to plaintiff farmers' notes aggregating the sum of $650.06. Plaintiff admits receiving notes from defendants to said amount, but insists they were accepted merely as collateral security for the defendants' indebtedness, and not in payment thereof. The testimony introduced upon the trial on behalf of plaintiff is to the effect that on the 30th day of December, 1888, James E. Campbell, one of the firm of Campbell & Deerson, for the purpose of securing an extension of the time of payment of the indebtedness, entered into an arrangement with Herbert N. Jewett, manager of the Howell Lumber Company, by which the defendants were to deliver to plaintiff, as collateral security, notes to the amount of $1,000; that the notes subsequently turned over by Campbell were received under said contract, and that all sums collected on said notes have been placed to the credit of the defendants, reducing their indebtedness to the plaintiff to the sum of $415.97. The defendant Campbell, while upon the witness stand, denied *in toto* making any such arrangement, but on the other hand testified, positively and unequivocally, that the understanding between him and Jewett was that he should pay the account with farmers' paper, and in pursuance of such arrangement, and as soon as he procured the notes, they were delivered to the Howell Lumber Company, he taking receipts therefor. All of the receipts except one were in form like this:

"Received of Campbell & Deerson, one hundred six and $\frac{96}{100}$ dollars, in notes, as follows, to-wit:     *     *     *

"(Signed)                    B. F. Thomas."

One of the receipts specified that the note therein described was received as security on account. The notes were indorsed by Campbell & Deerson, either "Protest and notice waived," or "Protest waived." The evidence would have justified the jury in returning a verdict for either party, depending upon which set of witnesses was believed. The conflicting testimony has been submitted to two different juries, and each time the verdict was for defendants. Under the circumstances we do not feel warranted in disturbing the verdict as being against the evidence, although the greater number of witnesses sustain the position of the plaintiff, and notwithstanding we might not have decided as did the jury had we been sitting in their places. Plaintiff is not without remedy. It has recourse against defendants by action upon their indorsements upon the notes.

Complaint is made of certain instructions to the jury, given at the request of defendants, numbers 1 and 2 of which being as follows:

"1. You are instructed that the credibility of the witnesses is a question exclusively for the jury; and the law is that where a number of witnesses testify directly opposite to each other, the jury are not bound to regard the weight of the evidence as evenly balanced. The jury have a right to determine from the appearance of the witnesses on the stand, their manner of testifying, their apparent candor and fairness, and from all the other surrounding circumstances appearing on the trial, which witnesses are more worthy of credit, and to give credit accordingly.

"2. You are instructed that the testimony of one credible witness may be entitled to more weight than the testimony of many others, if, as to those witnesses, you have reason to believe, and do believe, from the evidence and all the facts before you, that such other witnesses have knowingly testified untruthfully, and are not corroborated by other credible witnesses, or by circumstances proven in the case."

The foregoing are above criticism. They not only state the rule correctly, but are applicable to the testimony. The credibility of the witnesses was alone for the jury to determine, and the above instructions did not authorize the triers of fact to go outside of the record, as counsel for plaintiff contends, to determine which witness should be believed and which disbelieved. The witnesses on one side had testified to a state of facts entirely opposite to that related by those on the other side, and it is obvious that the jury could not, if they reached a conclusion at all, give all the witnesses equal credit. A greater number of persons had testified on the trial on behalf of one party than did on the other, and, in view of this fact, it was not improper to charge the jury as to the rules for determining the weight to be given conflicting evidence. The jury was not obliged to decide the case by a count of witnesses. Defendants' request stated the rule as to their liability upon their indorsements on the notes. It certainly could not have misled or confused the jury, especially when considered in connection with the fourth request to charge, which was given, and which reads as follows:

"4. You are instructed that if you find from the evidence that the defendants delivered to the plaintiff, or its agents, promissory notes in the sum of six hundred fifty and $\frac{0.6}{100}$ dollars, indorsed 'protest waived,' and the plaintiff, or its agents, accepted the same in payment of the claim which the plaintiff had against the defendants, then your verdict should be for the defendants."

The issue in the case was whether or not the notes were accepted and received in payment of plaintiff's demand, and the charge fairly submitted that question to the jury. By an instruction given by the court on its own motion the jury were told, in effect, that if the notes were given and received as collateral security, the plaintiff was entitled to a verdict. Plaintiff has no just ground for complaint of the charge. The judgment is

AFFIRMED.