O. E. LOWELL, APPELLANT, v. BUFFALO COUNTY, APPELLEE.

FILED MAY 23, 1930. No. 27057.

*Nye & Nye,* for appellant.

*E. G. Reed, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, THOMPSON and DAY, JJ., and THOMSEN, District Judge.

ROSE, J.

This is a proceeding to recover from Buffalo county $5,000 in damages alleged to have been caused by the vacating of a public highway running north and south through a 200-acre island farm owned by plaintiff. Extending northeast and southwest, his land is an irregular tract approximately half a mile wide between two channels of the Platte river. A modern house occupied by him and his family is situated near the east end of his farm. In front of his residence the county maintained for many years a public highway running north and south, on which there was a bridge across the north channel a short distance north of his house and a bridge across the south channel 1,335 feet therefrom. By the old route it was approximately five miles to Gibbon on the north and about the same distance to Lowell on the south, towns thus formerly accessible to plaintiff for marketing and for other purposes. The county vacated this highway north and south of his land, abandoned both bridges and left him with a single outlet extending north 660 feet from his residence to a road running southwest along the south bank of the north channel of the Platte river a mile or more to a new graveled highway.

Plaintiff filed his claim with the county board, was awarded $125, and appealed to the district court.

The petition states a cause of action and contains in detail pleas that plaintiff's dwelling house and other farm

buildings are now on a blind road or *cul-de-sac;* that the distance to his public markets at Gibbon and Lowell is materially increased; that the former general traffic which created a market at his home for some of his farm products is diverted to other highways; that a former mail box and schoolhouse a few rods from his residence are more than a mile away; that these changes were caused by the changing of the highway; that the vacating of the old road decreased the value of his real estate to the extent of $5,000, for which he demands judgment.

The answer contains allegations to the effect that defendant opened, approximately three-fourths of a mile. west of the property of plaintiff, between his markets at Gibbon and Lowell, a new highway which has been improved and graveled by the state; that the new highway is connected with his premises by a suitable, shorter road to his markets at Gibbon and Lowell; that the portion of his farm formerly occupied by the old road has been restored to him as a special benefit; that he has not been damaged by the change to any extent beyond $125, which defendant offers to pay. The answer contains also a general denial. Allegations of new matter in the answer were put in issue by a reply.

Upon a trial of the cause the jury rendered a verdict in favor of plaintiff for $125 only. From a judgment for that sum he has appealed.

By rulings on evidence and by instructions the trial court required the jury to disregard testimony tending to prove that the value of the farm was depreciated by the removal of the mail box and the schoolhouse and by the diversion of traffic. These rulings and instructions were properly challenged as erroneous and prejudicial. In respect to all damages recoverable the entire record is presented for review. The evidence shows without dispute that for many years a public highway extended north and south through plaintiff's farm and across both channels of the Platte river; that the action of the county board left his dwelling house on a blind road or *cul-de-sac;* that he has only one outlet; that by the present route it is more than

a mile from his farm buildings to the new traveled highway; that the distance to his markets is increased. There is also testimony tending to prove that, by the vacating of the old road and the creating of the *cul-de-sac*, plaintiff suffered damages not shared in common with the community at large; that the removal of the mail box and the schoolhouse and the diversion of traffic were necessary results of the changes and materially depreciated the market value of the farm.

The Constitution forbids the taking or damaging of private property for public use without just compensation. Const. art. I, sec. 21. The words "or damaged" as used in the section of the Constitution cited include all damages arising from the exercise of the right of eminent domain which cause a diminution in the value of private property. *City of Omaha v. Kramer,* 25 Neb. 489. The legislature made provision for the ascertainment and payment of damages to private property by the vacating of a public highway. Comp. St. 1922, sec. 2586. An appeal to the district court from an award of special damages to private property, caused by vacating of a public highway, is authorized by law. Comp. St. 1922, sec. 2600. Upon appeal from such an award the amount to which a landowner is entitled as a result of vacating a public highway through his premises must be ascertained "in the same manner as in actions by ordinary proceedings." Comp. St. 1922, sec. 2603. Neither Constitution nor statute excepts from just compensation for special damages to private property by the vacating of a public highway any loss or injury that reduces its value, special benefits considered. · According to a familiar doctrine, a landowner cannot ordinarily recover, · on account of a lawful public improvement, damages that he suffers in common with the public generally, though his loss may be greater in degree. *Enders v. Friday,* 78 Neb. 510; *Lee v. City of McCook,* 82 Neb. 26; *Van Valkenberg v. Rutherford,* 92 Neb. 803; *Burkley v. City of Omaha,* 102 Neb. 308. The opinions in these cases, however, do not justify the conclusion that special damages, not suffered by the community at large, cannot be recovered. *Lindsay*

*v. Omaha,* 30 Neb. 512; *Mason City & Ft. D. R. Co. v. Kennedy,* 113 C. C. A. 412; *Gillespie v. City of South Omaha,* 79 Neb. 441; *Kayser v. Chicago, B. & Q. R. Co.,* 88 Neb. 343; *Jones v. City of Aurora,* 97 Neb. 825. In Nebraska compensation for private property taken or damaged for public use is measured by the following rule:

"Where property has been taken or damaged for a public use, the owner is entitled to recover as compensation the difference between the value of such property immediately before and immediately after the completion of the improvement from which the injury results." *Chicago, R. I. & P. R. Co. v. O'Neill,* 58 Neb. 239.

In a recent case the supreme court of Minnesota ruled:

"The owner of property abutting on a public highway has a special interest in the highway different from that of the general public. To recover damages for the obstruction or vacation of the highway, it is not essential that access to his property has been entirely cut off, but he cannot recover if his only complaint is that he is compelled to travel farther or over a poorer road in going to and from his property. The owner of land to which a public highway extends and one whose land does not come in contact with the highway occupy different positions. If, by the discontinuance of a highway running across, along or to the land in question it is left abutting upon a *cul-de-sac,* the owner is deemed to have suffered an injury not common to the public." *In re Hull,* 163 Minn. 439, 49 A. L. R. 320, 325; followed in *Jones v. City of Aurora,* 97 Neb. 825.

A careful annotator who had collected the cases on the same point said:

"The weight of authority supports the proposition that if, by the vacation or closing of a street, access to property from the general system of streets in that direction (is cut off), and the property is left fronting on a *cul-de-sac,* the owner may recover damages." 49 A. L. R. 351, and cases cited in note. See 5 R. C. L. Perm. Supp. p. 3311; *Park City Yacht Club v. Bridgeport,* 85 Conn. 366, 39 L. R. A. n. s. 478; *City of Chicago v. Burcky,* 158 Ill. 103, 29 L. R. A. 568; *Bannon v. Rohmeiser,* 90 Ky. 48; *Vander-*

*burgh v. City of Minneapolis,* 98 Minn. 329, 6 L. R. A. n. s. 741; *Neudoefer Silcox Co. v. Marting Bros. Co.,* 17 Ohio App. 286.

In harmony with the weight of authority, the view recently taken by the supreme court of Nebraska is indicated by the following expression of opinion:

"In the instant case, the three lots are used as one tract, having common improvements, and, in assessing damages, must be treated as a single piece of property, abutting on the vacated portion of the streets. In closing these streets and placing plaintiff's property at the end of a pocket street, her damage is different from that of the general traveling public, and she suffered damage special and peculiar to this property, and different from that of the general public." *Jones v. City of Aurora,* 97 Neb. 825.

Whatever reduces the market value of real estate by the injuring of it for public use may be considered in determining the compensation to which the property owner is entitled, where he suffers damages not common to the public generally. Authority for this view is found in former opinions:

"The jury in fixing the damages sustained by a landowner in consequence of the appropriation, or injury, of his property for a public use may take into account every element of annoyance and disadvantage resulting from the improvement which would influence an intending purchaser's estimate of the market value of such property." *Chicago, R. I. & P. R. Co. v. O'Neill,* 58 Neb. 239; *Kayser v. Chicago, B. & Q. R. Co.,* 88 Neb. 343.

Where the owner of real estate is entitled to recover special damages, on the ground that it was depreciated in value by the vacating of a public highway intersecting it, he is entitled to the benefit of the following doctrine in connection with the general rule that the measure of damages is the difference between the value of the property immediately before and immediately after the making of the improvement:

"In determining the amount of such damages, the jury may consider diversion of travel, inconvenience of access,

and diminution of business carried on upon said property, not as independent items of damage, but for the purpose of determining the market value of the property before and after the construction of such improvement." *Gillespie v. City of South Omaha,* 79 Neb. 441.

It follows that the rulings of the trial court in requiring the jury, on the issue of value immediately before and immediately after the vacating of the highway, to disregard evidence relating to the diversion of traffic and to the removal of the mail box and the schoolhouse were erroneous to the prejudice of plaintiff.

The trial court also erred in omitting all material statements of the petition except one and in emphasizing every allegation of the answer, while instructing the jury; in reading to the jury from the answer of defendant an allegation of which there was no proof, without cautioning them that it should not be considered as evidence; in stating to the jury that the land of plaintiff is only three-fourths of a mile from the new highway, though the distance from his farm buildings is more than a mile by his only outlet; in giving credence to witnesses for defendant while examining them at length from the bench; in examining witnesses from the bench on elements of a defense not pleaded. It is not necessary to discuss these errors in detail since a new trial without the recurrence of them must be granted for the errors relating to evidence and instructions.

The judgment of the district court is therefore reversed and the cause is remanded for the purpose of ascertaining the amount of compensation to which plaintiff is entitled according to the statutory method—"the same manner as in actions by ordinary proceedings."

REVERSED.