OSCAR E. LOWELL, APPELLANT, V. BUFFALO COUNTY, APPELLEE.

FILED APRIL 29, 1932. No. 28051.

*Nye & Nye*, for appellant.
*E. G. Reed, contra.*

Heard before ROSE, GOOD and DAY, JJ., and FROST and MESSMORE, District Judges.

MESSMORE, District Judge.
This is a proceeding brought in the district court for Buffalo county to recover from said county the sum of

$5,000 for damages alleged to have been caused by the vacating of a public highway running north and south through a 200-acre island farm owned by appellant. On the trial of the case to a jury appellant, plaintiff below, recovered a judgment against said county, defendant below, in the sum of $125 and interest. This is the second ·appeal to this court of this action and the second time that the jury have returned a verdict in a like amount, with the exception that interest was added to the last verdict. Plaintiff filed his claim with the county board originally, was awarded $125, and appealed to the district court.

The petition states a cause of action and contains in detail pleas that plaintiff's dwelling-house and other farm buildings are now on a blind road or *cul-de-sac;* that the distance to his public markets at Gibbon and Lowell is materially increased; that the former general traffic which created a market at his home for some of his farm products is diverted to other highways; that a former mail box and schoolhouse a few rods from his residence are more than a mile away; that these changes were caused ·by the changing of the highway; that the vacating of the old highway decreased the value of his real estate to the extent of $5,000, for which he demands judgment.

Defendant's answer alleges that plaintiff's lands described in his petition are still connected with a public highway; that at the time of vacating the part of the highway mentioned in said petition defendant, by its officers and agents, laid out, constructed and improved a new highway which lays west of plaintiff's property approximately three-quarters of a mile, which highway is the main highway connecting the villages of Gibbon and Lowell, which are the near trading and market points of the plaintiff; that said highway is state-improved and graveled and serves plaintiff and other residents and property owners of that vicinity; that said state-improved highway is connected with plaintiff's property by a good and suitable public highway; that plaintiff's farm is nearer to market than prior to the change of said high-

way; that said highway, after being vacated by law, has reverted to plaintiff, so that he now has full use of same and receives a special benefit on account thereof to the full value of the land constituting said vacated highway; that he receives benefits from the change of said highway to its present condition; denies that plaintiff has sustained any damages except to the extent of the sum of $125 and offers to pay that sum into court for plaintiff; denies each and every other allegation of the petition not admitted or denied. The reply was a general denial.

The bill of exceptions is quite voluminous, but for the purposes of this opinion, since the evidence has been well set out in the former case of *Lowell v. Buffalo County,* 119 Neb. 776, only so much thereof as may be necessary to determine the alleged errors on the trial of this case will be stated.

Plaintiff's evidence in the main went to the proof of the essential elements of his petition, that is, that there was a decreased value to his lands immediately after the vacating of the highway as compared with their value prior to such vacating; that there was a loss of products sold by him at his farm home for the reason that the highway had been moved to the west and was not accessible to travel as it had heretofore been when on the public highway and main road between said villages of Gibbon and Lowell; that the mail box, formerly near the gate of plaintiff's residence, had been moved to the main highway, a distance of 6,460 feet, approximately, and that the schoolhouse had been moved from the Lowell property over and near the new highway, a distance of about 8,320 feet from plaintiff's residence.

Several witnesses testified as to the value of plaintiff's land immediately prior to the time of vacating the highway and immediately thereafter, which is the rule laid down in *Lowell v. Buffalo County,* 119 Neb. 776.

The evidence of defendant is to the effect that no damage was done by the moving of the schoolhouse and mail box and no decrease in the value of plaintiff's lands of any kind or nature resulted thereby; that said lands

are as valuable now, with conditions changed, as prior to the vacating of the highway. Exhibits were introduced both by plaintiff and defendant which gave the jury a graphic picture of the improvements on plaintiff's farm and of the vacated and new highways.

We will not discuss the propositions of law relied upon by plaintiff for a reversal, which involve section 21, art. I of the Constitution, and sections 39-124, 39-138, and 39-141, Comp. St. 1929, for the reason that the same have been interpreted by this court in the previous decision rendered in this case, and it is not necessary to review or reinterpret these sections in view of the instructions given by the trial court and in view of the previous holding of this court in this case.

The principal assignments of alleged error complained of by plaintiff may be summarized as follows: Error of the trial court in disregarding the law of the case which was set forth in the former opinion of this court in this case; error of the trial court in examining witnesses from the bench on elements of defense not pleaded and in disregard of the law of the case; error of the trial court in directing the attorney for defendant to disregard the law of the case; error of the trial court in admitting evidence of value of other lands in disregard of the law of the case; error of the trial court in admitting evidence of the establishment and of the vacating of other roads in disregard of the law of the case; error of the trial court in manifesting disapproval of the law of the case in the presence of the jury. In support of these assignments of error is cited the case of *Lowell v. Buffalo County*, 119 Neb. 776.

Plaintiff complains of the examination of the witness Howard Wells by the court, wherein it inquired of him upon what part of his farm plaintiff raised sugar beets, how they are harvested and how they are delivered to market, and the distance they would have to be delivered to market. No objections were interposed to the court questioning this witness, as shown by the record at questions 1,467 and 1,475, inclusive. There is some evidence

in the record of plaintiff raising sugar beets and having had a good crop of same. We find nothing in the questions so asked by the court that is prejudicial to the interests and rights of plaintiff.

To question 2,240 there was an objection interposed as leading. The court replied that it was leading and the question was withdrawn. Attorney for plaintiff then stated there was no question and the court made this remark, "Ask him how that road ran." Certainly, this is not a direction to an attorney as to how to conduct his case; the court might well have asked that question to clarify the fact for the jury.

With reference to question 2,500 the court made this statement: "What are we at? Why don't you object, Mr. Reed?" This remark was followed by some argument, after which the attorney for plaintiff withdrew the question.

Plaintiff complains that in giving instruction No. 2 the court committed error by setting out the answer in full. That part of the instruction complained of is to the effect that the answer sets out that plaintiff is nearer to market on the new road than he was prior to the vacating of the old road. In the instruction the court set out in detail the contentions of the parties, as contained in such pleadings, and which he further instructed were not evidence to be considered by the jury. Instructions 3 and 4 govern this proposition, and such error, if any, would not be prejudicial to plaintiff's rights, more especially when the jury are apprised of the purpose and effect of the pleadings of the parties.

Plaintiff complains because there were received in evidence exhibits 9 and 10, purporting to be petitions to vacate roads and which had been signed by plaintiff. While these petitions were not petitions to vacate the highway immediately in front of plaintiff's place, they were petitions that were signed and presented to the county board to vacate roads north and south of his place and which do, more or less, run over his property. We cannot see that this would prejudice the rights of plaintiff, but on the

whole evidence it might be a circumstance that could be taken into consideration by the jury, together with all the other evidence in the case, in estimating any damage that might accrue to plaintiff by virtue of the vacating of the road in question.

Plaintiff complains of the court permitting witnesses to testify as to their knowledge of the values of other lands in the immediate vicinity of plaintiff's lands and in reference to the sales of lands in close proximity to his lands during the year 1927 or close to that time, as to the value of plaintiff's lands and also as to plaintiff's evidence on the different lands he owned, which evidence the court admitted for the sole and only purpose of testing the witnesses' knowledge of values of lands and which evidence was elicited on cross-examination, after the values of plaintiff's lands had been stated on direct examination by plaintiff and his witnesses. The knowledge that the witnesses may have in reference to the values of lands, at the time inquired about, in the same vicinity with the lands in question may be elicited on cross-examination, when said values have been gone into on direct examination, as testing the knowledge of the witnesses on values. It goes to the reasonableness or unreasonableness of the story told by the witnesses, to their credibility, to what ,they know about the facts about which they are testifying, and in this case was proper cross-examination and not prejudicial error.

There is a great deal said in the record by plaintiff's attorney and the court in reference to the moving of the schoolhouse and the mail box and some evidence about the time of moving the schoolhouse and the minutes of the school board showing the vote on the removal of the schoolhouse. The debate in reference to this evidence and the values to be placed on the two items in question seems to have been between plaintiff's attorney and the court. In getting at what this court said in its previous decision in this case we quote from *Lowell v. Buffalo County*, 119 Neb. 776: "Where the owner of real estate is entitled to recover special damages, on the ground that it was

depreciated in value by the vacating of a public highway intersecting it, the jury, in determining his just compensation, may consider resulting diversion of travel and removal of the mail box and a schoolhouse, not as independent items of damage, but for the purpose of determining the market value of the property before and after the vacating of the highway." The mail box and schoolhouse were moved and the facts and circumstances attending their removal were received in evidence. Having been moved, it becomes a question as to what damage, if any, especially plaintiff has suffered by virtue of their removal, not as independent items, but as announced in the rule just quoted. There is no impropriety in the trial court interrogating witnesses, when its tendency is only to develop the truth. *Leo v. State*, 63 Neb. 723. When the whole record is considered in this case, even though more care might have been exercised in some instances, prejudicial error in this respect is not shown. It is entirely proper for the trial court to aid in preventing misconception of the evidence by properly directed questions or remarks.

Plaintiff complains of the giving of instruction No. 9 as follows: "You are instructed that the plaintiff will be entitled to recover all damages sustained by him in respect to his property not suffered in common by the public generally. You are instructed to also take into consideration any special benefit, if any, which the plaintiff has received by reason of the return of the lands over which the old road ran and the fact that his farm is now in one tract and not divided by the road vacated." On vacating the highway in front of plaintiff's place the land reverted to him; he owned the fee simple title thereto and any benefit that would accrue to him by virtue of this fact was also for the jury to take into consideration in assessing and determining his damage, if any. *Kirkendall v. City of Omaha*, 39 Neb. 1; *Wagner v. Gage County*, 3 Neb. 237. The instruction is not erroneous when considered together with all the other instructions in the case. The instructions must be construed as a

whole, and where they, in their entirety, fairly submit the issues to the jury, even though there is a seeming misstatement in one part or a failure to give a requested instruction, it is not ground for reversal. *Bailey v. Kling*, 88 Neb. 699.

Plaintiff complains that the court inquired about lands owned by plaintiff nearer to the new schoolhouse site than the lands in question in this action. We have carefully read the remarks made by the court and do not believe the same to constitute prejudicial error.

On the retrial of this case the evidence heretofore not admitted on the first trial, which this court said should be submitted to the jury, laying down the rule in reference to any special damages suffered by plaintiff, was submitted to the jury by and under proper instructions of the court detailing the rules of law that govern this case, and the jury considered the diversion of travel, inconvenience of access, diminution of business carried on on the property, the removal of the schoolhouse and mail box, not as independent items of damages, but for the purpose of determining the market value of the property before the vacating of the highway and its market value after the highway had been vacated, which is the rule announced in *Lowell v. Buffalo County*, 119 Neb. 776.

We have carefully examined the record and the remarks of the trial judge, as contained therein, and find the same to be without prejudicial error as affecting the rights of plaintiff. We believe that the trial court properly admitted the evidence incident to the elements of proof set forth in plaintiff's petition and instructed fully and properly under the rules laid down in *Lowell v. Buffalo County*, 119 Neb. 776; that the jury had before it all the evidence of an admissible character which might tend to prove or disprove the allegations of plaintiff's petition, and in arriving at their verdict and in assessing the amount of plaintiff's recovery in the sum of $125 and interest, we feel that under the circumstances this case should be affirmed and the judgment of the lower court is hereby

AFFIRMED.