VILLAGE OF CEDAR BLUFFS, APPELLANT, v. JOHN KNUTZEN ET AL., APPELLEES.

FILED FEBRUARY 24, 1933. No. 28333.

*Robins, Yost & Lamme,* for appellant.

*H. A. Bryant, contra.*

Heard before GOSS, C. J., DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

EBERLY, J.

Action at law by the Village of Cedar Bluffs, plaintiff, as owner of a promissory note payable by its terms to the Bank of Cedar Bluffs, Nebraska, and which had been signed by defendant Knutzen. The note, though not indorsed by the payee thereof, had been purchased by and delivered to the village after maturity. The defense was payment. A trial resulted in a verdict and judgment for defendants. From the order of the court overruling motion for new trial plaintiff appeals.

Two alleged errors are presented for our consideration, viz., (1) that the evidence is insufficient to sustain the verdict; (2) that instruction No. 3 given by the court on its own motion was erroneous.

We have carefully read the record of the evidence as preserved in the bill of exceptions. The evidence is conflicting. It appears without dispute that immediately prior to July 20, 1929, there was in the possession of the Bank of Cedar Bluffs, as its property, a promissory note for the sum of $1,043.33, payable to its order and signed by John Knutzen and Claus F. Jensen. The latter signed as surety only. Certain payments had been made on this note prior to this date, and this formed a part of Knutzen's indebtedness to this bank, aggregating $4,585. According to the evidence in behalf of defendants, shortly prior to July 20, 1929, the cashier of the Bank of Cedar Bluffs visited the farm home of Knutzen, and insisted on the execution of notes to be secured by certain real estate mortgages, to be given by Knutzen "as payment" of the indebtedness then due this bank, a part of which was

evidenced by the note first above referred to. Accordingly, on July 20, 1929, Knutzen and wife came to the bank, and in compliance with the cashier's proposition as previously made, executed a note of $1,000 payable to the bank and due one year after date. This note was signed by John Knutzen and his wife, Alvina Knutzen. The latter, by the terms of this note, charged her own "personal and separate estate." This note was also further secured by a real estate mortgage executed by the Knutzens contemporaneously therewith. In like manner other notes and mortgages were executed at this time, which, together with this $1,000 note, covered the entire indebtedness of defendant Knutzen to this bank. These instruments were, according to the evidence of defendants, executed and delivered by them in reliance on the bank's proposal and as "payment" of the notes that theretofore evidenced the indebtedness.

While the evidence as an entirety is conflicting and presents a question of disputed facts for the determination of the jury, still it fairly appears that the evidence of defendants, if believed, is ample to justify the verdict of the jury.

We have given careful attention to instruction No. 3 given by the court, of which plaintiff complains. Conceding that this instruction may not be considered a model, still in another instruction the trial court informed the jury that "the defense is payment, and as to this defense the burden is upon the defendants to prove payment by a preponderance of the evidence." No instruction covering the matter of which complaint is now made was tendered or requested by plaintiff. Considering instruction No. 3 in connection with instruction No. 2, above referred to, we are satisfied that the rights of plaintiff were not prejudiced by the giving of the instruction complained of. *Howell Lumber Co. v. Campbell,* 38 Neb. 567.

No error appearing in the record before us, the judgment of the district court is

AFFIRMED.