ALFRED L. STECK, APPELLANT, v. PLATTE VALLEY PUBLIC POWER AND IRRIGATION DISTRICT, APPELLEE.

273 N. W. 268

FILED MAY 21, 1937. No. 29971.

*Shuman & Overcash,* for appellant.

*E. H. Evans* and *Beeler, Crosby & Baskins, contra.*

Heard before GOSS, C. J., ROSE, GOOD, DAY, PAINE and CARTER, JJ., and LIGHTNER, District Judge.

GOOD, J.

Platte Valley Public Power and Irrigation District (hereinafter called the district) instituted this proceeding in the county court of Lincoln county, to condemn for its use certain highways existing within the area over which the district proposed to construct a reservoir. From the proceedings had in the county court an appeal was taken to the district court. In this action the only question is whether Alfred L. Steck, who owns lands adjacent to the proposed reservoir, sustained damage by reason of the vacation of the highways. In the district court Steck was designated as plaintiff and the district as defendant. After plaintiff had adduced all of his evidence, the court, on motion of the district, directed a verdict in its favor. Plaintiff has appealed.

The record reflects these facts: The district desired to construct a reservoir to hold water for power and irrigation purposes, and acquired nine or ten sections of land in a basin-like area about two miles south of the town of Sutherland in Lincoln county. This area was traversed east and west and north and south by a number of highways. Steck's lands, involved in this controversy, abut on and are immediately south of the proposed reservoir. The proceeding in the county court was brought to condemn the highways and roads that would be within the reservoir proper and to assess damages, if any, to the lands of Steck and one or two other property owners, and also for com-

pensating Lincoln county for the value of the highways condemned.

It appears that the town of Sutherland is the only available market town for Steck, and that the main highway, extending south from Sutherland, runs through the proposed reservoir area and between sections 19 and 20, township 13, range 33, and on the east side of the southeast quarter of section 19 owned by Steck. Steck also owns land in the southeast quarter of section 20 and land in the south half of section 21 in same township and range. Another of the condemned highways ran between sections 20 and 21, and Steck's land in those sections abuts upon this highway. The vacated portions of these highways are north of Steck's land, and leave him no outlet to the north. Steck's means of ingress and egress to and from his land in sections 20 and 21, from the north and in the direction of his market town, is destroyed. He is left with his land abutting upon a dead-end of a highway. With reference to his land in section 19, the highway running along the east side thereof was vacated from the northeast corner of his land, thence north through the reservoir area, so that ingress and egress to and from his land from the north and in the direction of his market town are closed to him, and this land is left abutting upon the dead-end of what was the principal highway. It also appears that in going from Steck's land in section 19 to the town of Sutherland he will necessarily have to travel to the west, around the west side of the reservoir and over a crooked, winding, hilly road, with many abrupt turns, and be required to travel a distance of two or more miles farther in going to market. From his lands in sections 20 and 21, in order to get to market, he must travel to the east and around the east side of the reservoir over a highway that is not comparable to the main highway which he formerly traveled, and he is required to travel two or more miles farther in going to the market town.

A considerable time prior to the institution of this condemnation proceeding, Steck sold and conveyed to the dis-

trict a tract of land, containing 6.67 acres, out of the north-west corner of his land in section 19, and on the same day sold and conveyed to the district 152.56 acres in section 21. It appears from the record that Steck knew that the land was being purchased for a part of the reservoir site, but the injury to his remaining land and the fact that the roads might be subsequently vacated were not taken into consideration, were not discussed, and no allowance was made therefor. It also appears that the land owned by Steck in section 20 was purchased from one Robb in 1935 and some time prior to the institution of the condemnation proceedings; that prior to that time Robb had owned a quarter-section of land and had sold about 61 acres thereof to the district, and Steck later purchased the remaining 99 acres of Robb's quarter-section.

The evidence clearly shows that Steck has suffered damage to his lands by reason of the condemnation and closing of the highways above referred to, and the cause should have been submitted to the jury for determination of the damage, unless some one of the grounds given by the district for direction of a verdict is sufficient to defeat Steck's claim.

One of the district's contentions is that Steck and Robb were compensated for any damage sustained to the remaining portions of their tracts when they sold a part of their land to the district for reservoir purposes. If this contention is sound, we are at a loss to understand why Steck was made a party to the proceeding in the county court for condemnation of the highways. If he had been compensated, there was no occasion for making him a party to that proceeding. In the district's petition it alleged that it had settled with the other landowners whose rights would be affected by the closing of the highways, with the exception of Steck and one or two others, and these were made parties. By the filing of this pleading we think the district conceded that Steck was entitled to make claim for damages. That such is the effect of the pleading, see *Lindsay v. City of Omaha*, 30 Neb. 512, and particularly at page

520, 46 N. W. 627. The evidence, however, clearly shows that any damage that might be sustained by Steck by reason of the closing of the highways was not taken into consideration when he sold a part of his tracts to the district. The subject was not discussed, and the evidence clearly shows that he was not compensated for damages which might be caused subsequently by the vacation of the highways. The district's contention in this respect is without merit.

The district also contends that Steck suffers no damage or injury to his lands other than that suffered by the community in general. If this were true, it would no doubt be a bar to any recovery by Mr. Steck. But the evidence does not sustain this contention. The vacated highways came to and through lands owned by Steck in sections 20 and 21. When the portions of this highway to the north of the remaining part of Steck's land were vacated, it left the land in sections 20 and 21 abutting upon a dead-end of a highway. It effectually prevents ingress and egress to and from his farm from the north. The same is true with reference to his land in section 19. It vacated the highway that ran north from the northeast corner of the land in section 19, and deprives Steck of any outlet to the north and in the direction of his principal market. Ingress and egress to and from the north are prevented by the vacation of that highway. Therein lies the difference between the injury to Steck's land and injury to land of those in the community farther south. The authorities cited by the district in support of its contention are not in point, but the principle involved herein is fully stated in *Jones v. City of Aurora,* 97 Neb. 825, 151 N. W. 958, and in *Lowell v. Buffalo County,* 119 Neb. 776, 230 N. W. 842, same case on second appeal, 123 Neb. 194, 242 N. W. 452.

The district further contends that Steck and Robb, his immediate grantor to Steck's land in section 20, by their deeds are estopped from asserting an injury to the premises conveyed. It may be observed that no claim for damages to the lands that were conveyed to the district by Steck and

by Robb, his predecessor in title in section 20, was made. Steck's claim is only for injury and damage, caused by the vacation of the highways, to the remaining portions of his lands, and not for damage to the lands sold to the district.

The reasons given for the direction of a verdict are insufficient to defeat Steck's claim for damages. The trial court erred in directing a verdict for the district. The judgment of the district court is reversed, and the cause remanded for further proceedings consistent with this opinion.

REVERSED.