VIOLET MCCOWN, APPELLEE, v. ALVIN L. SCHRAM, ADMINISTRATOR, APPELLANT.

298 N. W. 681

FILED JUNE 13, 1941. No. 31119.

*Baylor, Tou Velle & Healey* and *Rinaker, Delehant & Hevelone,* for appellant.

*Hubka & Hubka* and *R. M. Anderson, contra.*

Heard before ROSE, EBERLY and YEAGER, JJ., and TEWELL and KROGER, District Judges.

YEAGER, J.

This is an action for damages by Violet McCown, plaintiff and appellee herein, against Alvin L. Schram, administrator of the estate of Arnold L. Schram, deceased.

On the evening of June 25, 1937, plaintiff became a guest passenger, with two others, at Beatrice, Nebraska, in an automobile being operated at the time by defendant's decedent, Arnold L. Schram. Schram drove with his guests through Wymore, Nebraska, and then to Marysville, Kansas. About midnight the parties started on the return trip on a road leading from Marysville, Kansas, to Beatrice, Nebraska. While yet in Kansas, the automobile in which

the parties were riding collided with an automobile which was going in a southerly direction. The collision resulted in the death of Schram and injuries to plaintiff. The plaintiff claimed that the accident was caused by the gross and wanton negligence, as defined by the laws of Kansas, of Arnold L. Schram in the operation of the automobile in question. The action is against Alvin L. Schram in his representative capacity.

The plaintiff has pleaded the statutes of Kansas relating to the liability of drivers for negligence in the operation of automobiles as they pertain to guests, and also in respect to certain unlawful acts in the operation of automobiles not directly related to guests or passengers. She also pleaded the decisions of the supreme court of Kansas, interpreting and construing that portion of the statutes relating to the liability for negligence as to guests. She further pleaded that this action is brought with reference to and is controlled by the laws of Kansas. In the position so taken by the plaintiff the defendant concurs.

The portion of the statutes relating to liability to guests in automobiles is section 8-122b, Gen. St. Kan. 1935, and is as follows: "That no person who is transported by the owner or operator of a motor vehicle, as his guest, without payment for such transportation, shall have a cause of action for damages against such owner or operator for injury, death or damage, unless such injury, death or damage shall have resulted from the gross and wanton negligence of the operator of such motor vehicle."

In definition of the word "guest" the Kansas supreme court adopted generally the common-law definition as found in Restatement of Torts, section 490, *Comment a*, as follows: "The word 'guest' is used to denote one whom the owner or possessor of a motor car or other vehicle invites or permits to ride with him as a gratuity, that is, without any financial return except such slight benefits as is customary to extend as a part of the ordinary courtesies of the road." *Elliott v. Behner,* 146 Kan. 827, 73 Pac. (2d) 1116.

In varying terminology, but in the same substance, the

Kansas supreme court, in defining "gross and wanton" negligence, has said that the conduct of a host automobile driver in Kansas that evinces a willingness that harm might result therefrom, or a reckless unconcern as to whether or not a guest passenger might be injured, constitutes wantonness so as to permit recovery under section 8-122b, Gen. St. Kan. 1935. *Donelan v. Wright,* 148 Kan. 287, 81 Pac. (2d) 50; *McCown v. Schram,* 137 Neb. 498, 289 N. W. 890. (Other cases are collected in *McCown v. Schram.*)

In his answer the defendant denied that Arnold L. Schram had been guilty of negligence, and alleged affirmatively that plaintiff assumed the risk of entering the car of, and riding with, Schram.

Issue being joined, the case was tried to a jury, and verdict was returned in favor of plaintiff for $2,750. Judgment was entered on the verdict. A motion for new trial was duly filed and in due course overruled. Assigning several grounds of error, the defendant has appealed.

Appellant insists that the evidence of plaintiff fails to support a charge of gross and wanton negligence under the laws of Kansas, and for that reason the judgment of the district court is erroneous and should be reversed. He insists that there is no evidence of such speed as would evince a willingness that harm might result therefrom or a reckless unconcern regarding plaintiff's safety, and further, if negligence has been shown, the evidence discloses that such negligence was not the proximate cause of the accident.

A determination of these questions has required a careful examination of the bill of exceptions. From this examination we find that there is little, if any, dispute as to the rate of speed the automobile was traveling before, and at the time of, the accident. The witnesses who were occupants of the Schram car estimate variously the speed at the time of the accident at 60 to 70 miles an hour, and before from 55 to 65 miles an hour. No other witnesses testified as to speed. There is no direct evidence in opposition to these

estimates. The only thing that appears in opposition is a deduction made by appellant in his brief from which he argues that the automobile could not have been traveling at such rate of speed. Under the circumstances the question of speed was one of fact for the jury.

On the question of the characterization of the acts and conduct of Schram with reference to the operation of the automobile and his attitude toward the plaintiff, the witnesses testified that from 8:00 p. m. up to the time he left Marysville to return to Beatrice he had drunk ten bottles of beer and one bottle of coca cola "spiked" with whisky; that he either did, or stated that he was going to, disconnect the speedometer so that the girls in the automobile could not tell at what speed he was driving; that he drove on a rough gravel road at speeds variously estimated at from 55 to 70 miles an hour; that his driving was protested on more than one occasion by plaintiff without effect; that he drove down the middle of the road; that he "side swiped" another automobile going in the opposite direction on its right side of the road, bringing death to himself and injury to the plaintiff. This testimony, if believed, certainly was sufficient upon which to base a finding that Schram was guilty of gross and wanton negligence, within the meaning of the laws of Kansas.

Appellant insists that this evidence was not properly submissible to a jury, first, because of its complete refutation by evidence of physical facts; and, second, because of written statements given by the same witnesses soon after the accident, which statements appear in the bill of exceptions and contain a version of the happenings of the trip indicating that Schram was guilty of no negligence in the operation of the automobile.

The physical facts referred to are the location of débris on the highway; location of wheel tracks claimed to lead to the Schram automobile after it came to rest after the accident; lack of roughness in the road in the vicinity of the collision; and speed as deduced from the testimony of one of the passengers in the Schram automobile, wherein he

gave the location of the Schram automobile when he saw the automobile which collided with it. None of these enumerated physical facts were fixed objects or indications except the débris and the tracks. The débris was on the east side of the highway as were also the tracks described. Obviously there is no certainty as to how the débris was placed where it was found, and the tracks did not lead up to the Schram car. These things then were not physical facts from which a certain conclusion was inescapable, but only circumstances to be considered by the jury in determining the ultimate fact, the cause of the accident.

Plaintiff and two of her witnesses, who were passengers in the automobile, gave their testimony in which they told of the incidents leading up to and the happening of the accident. On cross-examination each was confronted with a written statement in which was contained, in several material particulars, an entirely different version. Each admitted giving the statement, but denied its truth. As to the statements as received, those of the witnesses, other than plaintiff, had no probative value whatever on the triable issues in the case. The statements are in the record for the purpose of impeachment. As to the statement of plaintiff, it is in, of course, for purposes of impeachment, and also as an admission against interest. The reason given for the making of the statements claimed by them to be false was for the protection of the good name of Schram who was then dead. Considering these statements for their proper purpose, they raise only questions of interest and credibility of witnesses which are questions to be passed upon by the jury. The question of the credibility of these witnesses, and the testimony given by them, was exclusively for the jury and was submitted under proper instructions. _Howell Lumber Co. v. Campbell,_ 38 Neb. 567, 57 N. W. 383.

The next proposition urged is that plaintiff assumed the risk of riding with Schram and therefore cannot be permitted to recover. If "assumption of risk" is a legal defense to an action by a guest in an automobile sufficient to defeat a recovery where gross and wanton negligence is

proved under the laws of Kansas, a question not necessary to be decided here, then all that need be said is that on that question a disputed question of fact was presented by the evidence in this case with the burden of proof on the defendant. The claimed assumption here is based on claimed knowledge of plaintiff of the alleged intoxicated condition of Schram. Plaintiff denied such knowledge and she was corroborated by circumstances. On the other hand, circumstances were related in the evidence from which a conclusion could have been drawn that she did have such knowledge. The jury were free to accept either view.

The verdict in this case was one based on conflicting evidence. The rule as announced by this court and applicable here is: "A verdict of a jury in a law action based upon conflicting evidence will not be disturbed on appeal unless clearly wrong." *Potach v. Hrauda,* 132 Neb. 288, 271 N. W. 795; *Spangler v. Brown,* 137 Neb. 510, 289 N. W. 839.

Complaint is made of certain instructions given by the court. The first is instruction No. 5. This instruction contains a statement of the issues tendered by the plaintiff and an outline of her burden of proof in relation thereto. The complaint is not that it is incorrect in these particulars, but that it is insufficient in the light of the defense of "assumption of risk" pleaded by the defendant in his answer. Referring to the issues tendered the instruction reads: "If you find that the plaintiff has established each and all of the above three propositions by a preponderance of the evidence, then your verdict will be in favor of the plaintiff and against the defendant." Defendant urges that the instruction to be complete and so as not to be confusing should have contained language calling attention to the defense of "assumption of risk" and should have been in substance the following: "Unless you also find under subsequent instructions that the plaintiff assumed the risk of travel in said automobile."

On the defense of assumption of risk the court gave instruction No. 16, which is in part as follows: "If you find from a consideration of all the evidence and from a pre-

ponderance thereof that she had adequate opportunity to warn the driver and protest against dangers, which were apparent to her, or to have asked him to stop and allow her to leave the automobile, and that she failed in any of the above respects, then you would be justified in finding that she did assume such risks and thereby is barred from recovery in this case." The particular complaint is that, while it is a correct statement of the law applicable after starting on the return trip from Marysville, it does not take into account her remaining in the automobile at the beginning of the trip if she knew the condition of Schram at that time. This contention is without merit since it fails to take into consideration instruction No. 7, which submits the defense of "assumption of risk" at all points and places and under all circumstances from the beginning at Beatrice to the point of the accident in the following language: "* * * that she knew and appreciated the fact of his proficiency, ability and condition and the danger which arose therefrom and from the conditions at all places in the highway upon which said automobile was being driven on June 25, 1937; and that said Violet McCown assumed the risk of travel in said automobile and of the omissions, if any, and the acts of said Arnold L. Schram in the driving, managing and controlling of the same."

The only question now to be determined as to the instructions is whether or not it was reversible error for the trial court to fail to instruct specifically in connection with instruction No. 5, that plaintiff's right of recovery set forth therein was limited by the finding on the question of "assumption of risk."

On the question of objections to instructions this court has said: "Where an objection is made in behalf of appellant in respect to an instruction given by the trial court, the judgment will not be reversed, when the instructions, considered in their entirety, are not prejudicial to the lawful rights of appellant." *Lowell v. Buffalo County*, 123 Neb. 194, 242 N. W. 452; *Spangler v. Brown, supra.*

In instruction No. 5, the burden and conditional right

of recovery of plaintiff were set forth. In instruction No. 7, conditions which would defeat a recovery were specifically set forth. These conditions were specifically repeated at least in instruction No. 16. We think that the rule announced in *Lowell v. Buffalo County, supra,* is applicable in this case, and that no error resulted from the giving of instructions in this case. It is difficult to see how, under the circumstance, the jury could have been mislead to the disadvantage of the defendant.

On the submission of the case to the jury the defendant secured the submission of three interrogatories. The interrogatories with the answers returned by the jury are:

"1.—Do you find from the preponderance of the evidence that Arnold Schram was guilty of gross and wanton negligence which was the proximate cause of the plaintiff's injuries, if any? Answer: Yes.

"2.—If your answer to the foregoing question is 'Yes,' then answer the following question: What conduct of Arnold Schram as shown by a preponderance of the evidence amounted to gross and wanton negligence? Answer: Excess speed and liquor.

"3.—If your answer to question Number one is 'Yes,' then answer the following question: Does the preponderance of the evidence show that the conduct of Arnold Schram in the driving and management of the automobile in which he was riding was such reckless disregard of consequences as to show a willingness that the plaintiff should be injured or harmed? Anwer: Yes."

Appellant urges that these special findings are against the clear weight of the evidence. As has already been indicated, the determination of the factual situation on which answers to these questions depended was a question for the jury, unless it could be said as a matter of law that Schram was not guilty of gross and wanton negligence. Having held that it cannot be so said, no error is found in these special findings.

The only remaining question necessary to be discussed is the size of the verdict. Excessiveness of the verdict is

assigned as error but not discussed. In the light of the evidence as to injuries sustained, we cannot say that the verdict is excessive.

For the reasons herein set out, we conclude that the case was one of disputed fact proper to submit for determination by a jury, that it was submitted under proper instructions, that the verdict is supported by the evidence and that the judgment of the trial court should be and it is

AFFIRMED.